The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.

ROSENBERG ET AL. *v.* MEHL ET AL.

(Decided January 13, 1930.)

*Messrs. Dempsey & Dempsey,* for plaintiffs in error.

*Messrs. Zielonka & Kuertz,* for defendant in error Mehl.

. *Mr. John D. Ellis,* city solicitor, for defendants in error Stegner and the City of Cincinnati.

HAMILTON, J. Defendant in error Minnie Mehl brought an action in the court of common pleas against Clifford M. Stegner, as director of the department of buildings of the city of Cincinnati, and the city of Cincinnati. The prayer of the petition in the case is that the zoning code of ordinances of the city of Cincinnati, in so far as it prohibits the use of plaintiff's premises for the construction of a building for business purposes in the district zoned as residence C district, may be declared unconstitutional and void; that a mandatory injunction may issue against said defendants, requiring them to issue to plaintiff a building permit authorizing the construction and erection of said proposed building, containing stores and shops to be used for business purposes, and that the defendants may be perpetually enjoined from interfering with the plaintiff in the use of said premises for business purposes, or for a combination of business and residential purposes. The plaintiffs in error are owners of abut-

ting property and property adjacent to the property of Minnie Mehl in question here.

A motion was made in the court of common pleas by present plaintiffs in error to be made parties defendant in the action, with leave to plead therein. The trial court overruled the motion, and denied plaintiffs in error leave to be made parties defendant. From the overruling of that motion, plaintiffs in error prosecute error to this court.

Defendant in error Mehl contends that the order entered in the court below, overruling the motion of the plaintiffs in error to be made parties, was not a final order from which error could be prosecuted.

The finality depends on whether or not the plaintiffs in error have a substantial right involved in the subject-matter of the proceeding herein.

Section 11255, General Code, provides: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

In the case of *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30, it is stated in paragraph 3 of the syllabus: "A property owner, residing in a municipality in which a valid zoning ordinance is in full force and effect, has legal capacity to apply for an injunction against the erection of an apartment building upon a lot contiguous to her real property, upon the ground that the proposed structure will violate the zoning ordinance."

Under this decision, plaintiff in error Samuel B. Rosenberg has secured to him a right or interest in the controversy adverse to the plaintiff, if he desires to so assert it. The judgment in the suit would re-

sult in a finality as against him, notwithstanding the legal capacity to apply for an injunction to prevent the very thing that the court of common pleas is asked by mandatory injunction to allow. The refusal, therefore, of the right of Rosenberg to intervene is an order affecting a substantial right made in the special proceeding, and would therefore constitute a judgment from which error might be prosecuted. Such an order, denying the motion for leave to intervene, has been held in several of the code states to be a final judgment from which a writ of error will lie.

*Weller & Sons* v. *Rensford,* 164 Ala., 312, 51 So., 344; *Dollenmayer* v. *Pryor,* 150 Cal., 1, 87 P., 616; *People, ex rel.,* v. *District Court,* 54 Colo., 576, 131 P., 424; *Northern Indiana Land Co.* v. *Brown,* 182 Ind., 438, 106 N. E., 706.

The motion to dismiss the error proceeding will therefore be overruled.

What has been said above applies with equal force to the right of the plaintiff in error Rosenberg to intervene and be made a party in the case. Further, has Rosenberg any interest in the controversy adverse to the plaintiff, and is he a necessary party to a complete determination or settlement of the question involved therein? On this proposition, we again quote from the syllabus in *Pritz* v. *Messer, supra*: "A property owner, residing in a municipality in which a valid zoning ordinance is in full force and effect, has legal capacity to apply for an injunction against the erection of an apartment building upon a lot contiguous to her real property, upon the ground that the proposed structure will violate the zoning ordinance."

In the course of the opinion, at page 633 of 112 Ohio State, 149 N. E., 30, 32, Judge Allen said: "The benefit to be derived from the observance of these zoning regulations accrues, not only to the municipality, but to the abutting property owner. * * * Having a substantial interest in the enforcement of the zoning restrictions, she is a proper party to enforce their observance by a suit for injunction."

This decision by the Supreme Court is authority for holding that the plaintiff has an interest in the enforcement of the zoning restrictions as *they now exist.*

Defendant in error seeks to distinguish this case from the *Pritz case,* on the proposition that she is not endeavoring to construct a building in violation of the zoning laws, amended so as to include the defendant in error's property in the business section, or, in other words, to eliminate the same from residence C district under constitutional rights. This is in effect a distinction without a difference. It is not claimed that the court of common pleas has the power to re-zone. She seeks to have the zoning laws, as they now exist, declared unconstitutional, in so far as they affect the defendant in error's property, and a mandatory injunction issued to compel the proper authorities to issue a permit, notwithstanding the zoning laws. If the court of common pleas should grant the relief asked for, it would certainly deprive the plaintiff in error Rosenberg of his rights declared under the decision in the case of *Pritz* v. *Messer.* He would be barred from prosecuting an injunction to enforce the observance of the zoning laws as existing under the ordinances of the city, as this would mean an injunction against the carrying

out of a judgment of a court of record, which judgment would be determinative of facts giving rise to plaintiff in error's cause of action.

Enough has been said to show the plaintiff in error has a substantial interest in the result of the litigation between defendant in error and the city and its officers.

It is argued that the granting or overruling of the motion was discretionary with the trial court, and that, the court having exercised its discretion, in refusing the motion, the order is not reversible except and unless it can be shown that the court abused its discretion. While the plaintiff in error is not a necessary party to the determination of the suit, we find he is a proper party. While it is true there is a discretion in the trial court, under the circumstances of this case, we are in accord with the rule laid down in *Penn* v. *Hayward,* 14 Ohio St., 302. In that case the court, in construing Section 35 of the Code of Civil Procedure (51 Ohio Laws, 57, 62), which is the same as our present Section 11255, General Code, said, at page 306 of 14 Ohio State: "But this discretion is not an arbitrary discretion. It must be exercised with due regard to established rules; and prominent among these, is the duty to avoid *multiplicity of suits,* and to attain a final and complete determination of all the questions involved in it, with the least delay and at the least possible expense."

In the case under consideration, the situation is more than an avoidance of multiplicity of suits. It is a deprivation of plaintiff in error's right to maintain any suit, since the decision in the case would bar him from bringing a suit, a right secured to him

under the decision in the case of *Pritz* v. *Messer,* *supra,* and would deprive him of his day in court on a matter affecting his substantial rights. Certainly nothing detrimental to the defendant in error, plaintiff below, could result from this party being made a party defendant and having all questions involved determined in one action. It is argued his interest is protected by the city in its representative capacity. This, however, does not answer the question, as the right secured to plaintiff in error is a personal right, and he is entitled to his day in court.

Our conclusion is that the court erred in overruling the motion of plaintiff in error Rosenberg to be made a party defendant with leave to plead. That judgment will be reversed, and the cause remanded, with instructions to sustain the motion of plaintiff in error Rosenberg to be made a party defendant, and that he be made a party with leave to plead.

We have limited the right to be made parties to plaintiff in error Rosenberg, as he is the only one of the plaintiffs in error owning property "contiguous" to the Mehl property in question, and the only one coming clearly within the rule pronounced in the case of *Pritz* v. *Messer.*

As to the other plaintiffs in error, the judgment is affirmed. We are not, however, establishing any fixed rule on the question as affecting other and subsequent suits.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.