**BUGHER et al. v. GOTTWALS et al.**

**No. 5214.**

Court of Appeals of District of Columbia.

Argued Nov. 4, 1931.

Decided Nov. 30, 1931.

Stanton C. Peelle, C. F. R. Ogilby, Paul E. Lesh, Morris Simon, Lawrence Koenigsberger, Eugene Young, and Selig C. Brez, all of Washington, D. C., for appellants.

W. W. Bride, Vernon E. West, Thos. F. Cameron, Leo A. Rover, and John W. Fihelly, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellants, plaintiffs below, filed their bill in equity in the Supreme Court of the District of Columbia against appellees, defendants below, for a mandatory injunction to compel appellees, as the zoning commission of the District of Columbia, to rezone lots 801 and 802 located on the north side of K street between Sixteenth and Seventeenth streets Northwest, in the city of Washington. The lots were zoned as "residential." Appellants insist they should have been zoned as "commercial." The bill (paragraph 10) describes the two lots as contiguous and as beginning at a point 85 feet westwardly from the northwest intersection of Sixteenth and K streets, running thence westwardly along K street 74.83 feet, from which it would appear that the western boundary of the property is 159.83 feet west of the northwest intersection of K and Sixteenth. The bill further alleges (paragraph 11) that K street for a distance of five or six blocks east and five or six blocks west of Sixteenth street, with the exception of the four corners at K and Sixteenth, is zoned as "commercial" under the provisions of the zoning regulations; that the buildings located on appellants' lots are vacant and have been since April, 1929, although every effort has been made to obtain tenants therefor; that the assessment on the property has increased in ten years from $3.50 per square foot to an average of $18 per square foot; and that this is too high to permit the property to be used for residential purposes; that the continued vacancy of the property is because of its

nonavailability for residential purposes, and that it is impossible to obtain tenants or purchasers for the property as residential; that the heavy automobile traffic passing through the street, with its attendant consequences, makes the block undesirable for residential purposes; that the character of the street has changed, and that it is now the main artery between the two shopping districts of the city; that the property has altogether the character of commercial rather than residential property; and that, unless the zoning thereof is changed, it will not be possible to use the property for any purpose. The bill then charges that, upon application to the commission for a rezoning of the property in question, no person owning property in the vicinity, or anywhere else, objected to the granting of the prayer of the petition; but that nevertheless the commission adhered to their former action. This ruling and determination of the commission, the bill charges is arbitrary and unreasonable, and effects a deprivation of the plaintiffs' rights and deprives them of their property without due process of law, in violation of the Fifth Amendment of the Constitution of the United States.

To this bill, appellees filed a motion to dismiss, on the ground that a court of equity will not interfere with the exercise of discretion on the part of an administrative body, unless such action is palpably arbitrary. After hearing, the prayer for injunction was denied, and the bill dismissed, and it is from this decree that this appeal is taken.

The question on which this case depends has been so recently decided by the Supreme Court (Nectow v. Cambridge, 277 U. S. 183, 48 S. Ct. 447, 448, 72 L. Ed. 842) that we feel it unnecessary to do more than refer to the conclusion reached by the court in that case, for the rule adopted there is, we think, conclusive of the case here, at least so far as the record now before us is concerned. In the Nectow Case, the Supreme Court held that while a court is not warranted in substituting its own judgment for that of the zoning authorities charged with the duty of determining the question, nevertheless "the governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare," and that in the final result the determination of this question is a duty which the court must discharge. Tested by this rule, we are unable to say that the bill upon its face fails to make out a case well within its compass. We may assume from its allegations that Sixteenth street is and ought to be zoned as residential; but, it is equally clear, we must also assume that K street, on which the property is located, is and ought to be commercial. All that is left therefore is to ascertain, if we can, whether the admitted proximity of the property in question to Sixteenth street is such as by reason thereof takes it entirely out of the category of other property on K street and makes it necessarily so interrelated to property on Sixteenth street as to justify, within the limits of the Supreme Court rule, the conclusion that any other determination than this would materially affect the health, safety, convenience, and general welfare of the inhabitants of that part of the city. This we are unable to do. The bill alleges that the rezoning of the property of appellants as commercial would not affect the general scheme adopted by the commission or defeat the plan to preserve Sixteenth street as residential, and we have nothing before us from which we may say that these allegations are untrue. In addition, the bill charges facts which, if true, tend to show that appellants' property has been rendered valueless, and that it has been placed in a class wholly different from that of other like property in its neighborhood, and excluded from a class to which alone it is adaptable. True enough, it may perhaps be answered as to this that the mere fact of injury to appellants' property will not warrant overturning the decision of the commission, if such injury results alone from obedience to a regulation enacted for the public welfare, or is merely incidental to a servitude to which it is subject. But none of this appears from the bill as filed, and that is all we have before us.

In such circumstances, we must conclude that the action of the lower court in dismissing the bill was premature, and this makes it our duty to reverse the decree and remand the case, with instructions to reinstate the bill, with the right to appellees to file their answer, and for a hearing on the merits.

Reversed.