## DORSEY v. GOTWALS et al.
### No. 5280.

Court of Appeals of the District of Columbia.
Argued Jan. 7, 1932.
Decided Feb. 8, 1932.

Thos. Morton Gittings, of Washington, D. C., for appellant.

William W. Bride, Vernon E. West, and Thomas F. Cameron, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

The bill in this case prayed for a mandatory injunction against the zoning commission of the District of Columbia. The commission moved to dismiss the bill, and this was done, and it is from the decree of dismissal that the appeal is taken.

In the case of Henrietta B. Bugher v. Gottwals, 60 App. D. C. 340, 54 F.(2d)

451, 452, decided November 30, 1931, we said: "In the Nectow Case [Nectow v. Cambridge, 277 U. S. 183, 48 S. Ct. 447, 72 L. Ed. 842], the Supreme Court held that while a court is not warranted in substituting its own judgment for that of the zoning authorities charged with the duty of determining the question, nevertheless 'the governmental power to interfere by zoning regulations with the general rights of the land-owner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare,' and that in the final result the determination of this question is a duty which the court must discharge."

We felt impelled in that case to send the cause back to the lower court for a hearing on the merits, and we see no escape from the same course here. In the case we refer to, we did not hold, nor do we hold here, that the action of the zoning commission interfered with the general rights of the land owner without regard to public safety, morals, or general welfare. All that we said in the Bugher Case, and all that we say now, is that this is a question of fact which ought to receive judicial scrutiny and decision when, as is the case here, it is raised by proper averments in the bill. And so in this case, as in that, we conclude that the action of the lower court in dismissing the bill was premature.

The cause is, therefore, remanded, with instructions to reinstate the bill with the right to appellees to file their answer and for a hearing on the merits.

Reversed.