**LEVENTHAL et al. v. DISTRICT OF COLUMBIA et al.**

**No. 7092.**

United States Court of Appeals for the District of Columbia.

Decided Sept. 26, 1938.

Rehearing Denied Nov. 19, 1938.

STEPHENS, Associate Justice, dissenting.

———◆———

Michael J. Keane, Jr., and Gerald Oxenburg, both of Washington, D.C., for appellants.

Elwood Seal, Corp. Counsel, and Vernon E. West, Chief Asst. Corp. Counsel, both of Washington, D.C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

By bill in equity in the District Court, plaintiffs sought to require the Zoning Commission to rezone plaintiffs' lot at Michigan Avenue, 12th and Randolph Streets N. E., and to require the Building Inspector to grant corresponding permits. The case was heard on defendants' motion to dismiss. The motion was sustained, and plaintiffs appeal.

■ The action of zoning authorities, as of other administrative officers, is not to be declared unconstitutional unless the court is convinced that it is "clearly arbitrary and unreasonable, having no substantial relation to the * * * general welfare." Village of Euclid v. Ambler Realty Company, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303, 54 A.L.R. 1016. Nectow v. City of Cambridge, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842. Cf. Pacific States Box & Basket Company v. White, 296 U.S. 176, 182, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853. If the question is "fairly debatable," the zoning stands. Zahn v. Board of Public Works, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074. Accordingly the question on this appeal is whether the facts alleged in the plaintiffs' bill, if taken as true, show beyond debate that the present residential zoning of plaintiffs' property is arbitrary and unreasonable.

Plaintiffs' property is a corner lot. It is on the east side of 12th Street, N. E., at the point where 12th Street merges with Michigan Avenue, and on the north side of Randolph Street. Plaintiffs' brief aptly paraphrases their bill as alleging "that Twelfth Street, Northeast, upon which street appellants' parcel of land abuts, for several miles running north from Rhode Island Avenue, is entirely 1st Commercial on both sides of the street, except for appellants' property fronting on Twelfth Street." This conveys the impression that the property on both sides (north and south) of theirs, and the property across the street to the west, is zoned commercial. But plaintiffs' Exhibit C, a plat annexed to their bill, shows the facts, which are quite different. It shows that no neighboring property farther north than plaintiffs', or as far north, is zoned commercial. It shows that

the property to the west of plaintiffs', across 12th Street, is likewise zoned residential; what saves their statement from being categorically untrue is the fact that 12th Street here merges with Michigan Avenue, so that this opposite property is on Michigan instead of 12th. All the property which abuts on plaintiffs' is zoned residential, like theirs. All the property which faces theirs across any street or streets is zoned residential, except a narrow strip to the southwest, across both 12th and Randolph Streets, and a few feet of the frontage to the south, across Randolph Street.

■ Plaintiffs' property is occupied by a cleaning establishment, a "nonconforming use" which plaintiffs are privileged, under the law, to maintain. There are heavy traffic, a stop sign, a bus stop, a hack stand, and the end of a street-car line in front of plaintiffs' property; noise, fumes and confusion result; and sleep is broken at 5 a. m. The bill alleges that plaintiffs' land is "wholly unfit" for any residential purpose. This is not a statement of fact; fitness or unfitness for residential use is a matter not merely of degree, but of opinion. The facts in this case prevent plaintiffs' statement from being even a tenable opinion; for it is to be presumed, from their failure to allege the contrary, that all the residence-zoned property adjoining or facing their land, most of which is subject to identical conditions, can be and is used for residence purposes.[1] As there is no allegation to the contrary we must even assume that the commercial-zoned property across the street from plaintiffs', at the southeast corner of 12th and Randolph Streets, is used for residence purposes.[2] Even if facts were alleged which would support, or even require, a conclusion that plaintiffs' property could not be used for residence purposes, it could not be inferred that the present zoning deprives them of the use of their property, since it appears that the property is lawfully devoted to a non-conforming commercial use. Plaintiffs allege that they cannot get enough rent for their property, as now zoned, to pay taxes and other carrying charges. This suggests that their taxes are too high, but not that their zoning is clearly unreasonable and arbitrary. Plaintiffs would make more

---

[1] For the purpose of testing the sufficiency of the bill of complaint as against a motion to dismiss, there is a presumption of the existence of any state of facts which "reasonably can be conceived" that would sustain the accused administrative action. Pacific States Box & Basket Company v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853.

[2] Appellees state in their brief that this is the fact.

money if their zoning were changed. But residential zoning is not invalidated by the fact that if the property "were available for business purposes its market value would be greatly enhanced." Zahn v. Board of Public Works, 274 U.S. 325, 327, 47 S.Ct. 594, 71 L.Ed. 1074. Zoning may inflict serious pecuniary injury upon the plaintiff without being arbitrary. Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348, Ann.Cas.1917B, 927; Village of Euclid v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. "Some must suffer by the establishment of any territorial boundaries. * * * If these limits hurt the present plaintiffs in error, other limits would hurt others." L'Hote v. New Orleans, 177 U.S. 587, 597, 20 S.Ct. 788, 792, 44 L.Ed. 899.

■ Plaintiffs tried in vain to get even one of the other property-owners in their neighborhood to consent to a hearing on rezoning. Obviously, therefore, the advantage which plaintiffs seek would not extend to their neighbors. It must be presumed that the rezoning which plaintiffs seek would actually inflict injury on the owners and occupants of the other property in the neighborhood;[3] for the bill does not allege that they would not be injured, or that there is need of more business property. That "over-zoning" for commercial uses tends to depreciate property values is well known.[4]

■ "Facts relied upon to rebut the presumption of constitutionality must be specifically set forth." Pacific States Box & Basket Company v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 163, 80 L.Ed. 138, 101 A.L.R. 853. An allegation that "practically all of the usual and customary benefits of ownership were appropriated by the aforesaid Zoning Commission" is not a fact specifically set forth. In our opinion, appellants' bill sets forth no facts sufficient to rebut the presumption. Nectow v. City of Cambridge, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842, on which they rely, was quite a different case. The land which the Court there held to be arbitrarily zoned residential was bounded on two sides by unrestricted property; here, all the property adjoining or facing plaintiffs' lot, except a small amount of frontage across Randolph Street, is in the residential zone. The land in issue in the Nectow Case was bounded on all sides either by unrestricted property or by streets; here, it is bounded on all sides either by residential property or by streets. There, a large automobile assembly plant adjoined the property, and a soap factory and a railroad were close by; here, the obstacles to residence use are less impressive. In Hazen v. Hawley, 66 App.D.C. 266, 86 F.2d 217, this court affirmed a decree which ordered the Zoning Commission to rezone plaintiffs' property so as to permit the building of an apartment house; but the trial court had found, among other things, that (IX) "Petitioner's property is located in the heart of an area extensively occupied by hotels and apartment houses" [page 220]; that (X) it was the only property along the Capital Traction Company's car lines, from the downtown district to Chevy Chase Circle, so zoned as to prohibit apartment houses; and that (XVII) "There is extreme need for additional housing facilities in the District of Columbia, and * * * a shortage of available apartments." In Ehrlich v. Village of Wilmette, 361 Ill. 213, 223, 197 N.E. 567, 572, the property was "the only property in the block in which it is located fronting on Fourth Street * * * singled out for classification in the A resident district," and the terminal yards of a railway were directly across the street. In those cases and some others it has been held that the owner of a residence-zoned island or peninsula in a commercial-zoned sea, if he is seriously injured by the discrimination against him, may be entitled to complain of arbitrary and unreasonable action. In the present case, plaintiffs' property is not in that category; on the contrary, if plaintiffs had their way their property would become a commercial-zoned island or peninsula in a residence-zoned sea.

In Women's Kansas City St. Andrew Society v. Kansas City, Mo., 8 Cir., 58 F.2d 593, it was held unreasonable and arbitrary to forbid the use of an existing residence, in a residential zone, as a charitable "home" for twelve old ladies. There were apartment houses in the neighborhood; and without violating the ordinance the same building, presenting exactly the same appearance, could have been used as a boarding house for the same old ladies. The court held, in effect, that it was immaterial to the public welfare whether the occupants lived on their own funds or the funds of a charitable trust. Village of University Heights v. Cleveland Jewish Orphans' Home, 6 Cir., 20 F.2d 743, 54 A.L.R. 1008, laid down the

---

[3] Note 1, supra.

[4] Bartholomew, Urban Land Uses, pp. 71–73; Bassett, Zoning, p. 83.

same doctrine with respect to the home there involved. A similar question with regard to a home for aged poor was adverted to, but not decided, in Washington ex rel. Seattle Title Trust Company, Trustee v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654. These cases, which appellants cite, do not sustain their position. As the court said in the University Heights Case, "We can see many valid reasons, affecting the public welfare, which would justify the exclusion of factories, business houses, shops, and even apartment houses from strictly residential districts, but which would not apply to the use of structurally proper cottages for an orphanage." 6 Cir., 20 F.2d 743, 745.

"Of course the line of demarcation between property to be used for industrial purposes and residence purposes is necessarily in any case somewhat arbitrary." American Wood Products Company v. City of Minneapolis, 8 Cir., 35 F.2d 657, 661. "The property on one side of a line cannot, in the very nature of things, be very different from the property on the other side of the line." In re Dawson, 136 Okl. 113, 116, 277 P. 226, 228. If "arbitrariness" in this sense were enough to upset a zoning regulation, no zoning could stand. Where, as here (1) plaintiffs' land and neighboring land similarly situated are similarly zoned and (2) plaintiffs' demand for a different zoning rests substantially on the grounds that their location is more or less marginal and they would profit by the change, with some regularity relief has been denied. American Wood Products Company v. City of Minneapolis, 8 Cir., 35 F.2d 657; Geneva Investment Company v. City of St. Louis, Mo., 8 Cir., 87 F.2d 83; Feraut v. City of Sacramento, 204 Cal. 687, 269 P. 537. Cf. Kenealy v. Chevy Chase Land Company, 63 App.D.C. 327, 72 F.2d 378.

As the facts stated in the bill are not sufficient to show that the accused regulation is invalid it follows, of course, that the bill states no cause of action and was rightly dismissed without a hearing on the merits. Pacific States Box & Basket Company v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853; Feraut v. City of Sacramento, 204 Cal. 687, 269 P. 537. In Bugher v. Gottwals, 60 App.D.C., 340, 54 F.2d 451, this court reversed a decree which dismissed, without a hearing on the merits, a bill to require rezoning; but there the bill alleged, among other things, that appellants' lots were on K Street, from 85 to 159 feet west of 16th; that while 16th was zoned residential, K was zoned commercial for five or six blocks east and five or six west of 16th, except the four corners at 16th and except appellants' lots; and that appellants' property had stood vacant for some time, because of the impossibility of putting it to any use whatever under existing zoning. Similarly in Dorsey v. Gotwals, 61 App.D.C. 41, 42, 57 F.2d 407, 408, this court reversed a decree which dismissed, without a hearing on the merits, a bill against the Zoning Commission, and said that the question whether the Commission's action has some relation to the general welfare "is a question of fact which ought to receive judicial scrutiny * * * when, as is the case here, it is raised by proper averments in the bill." The report does not show what those averments were; but the record shows that the bill alleged, among other things, that the land immediately adjoining plaintiffs' property on one side, and also in the rear, was zoned commercial; that the adjoining lot was occupied by a filling station which served many cars and trucks until late at night; that the business district was fast moving in plaintiffs' direction; and that the local Citizens Association, and also the owners of 59 lots in the same or adjoining squares, had joined in plaintiffs' request for rezoning and a public hearing had been held at which no property owner appeared in opposition. The present bill shows nothing remotely comparable to the bills in the Bugher and Dorsey Cases. And whatever inferences might once have been drawn from language in those cases, it is now clear that a bill to set aside an administrative order cannot withstand a motion to dismiss "if any state of facts reasonably can be conceived that would sustain" the order.[5]

While this appeal was pending, Congress revised the zoning law of the District of Columbia.[6] We think this revision does not affect the present appeal.

Affirmed.

STEPHENS, Associate Justice.

I think sufficient is stated in the bill of complaint to require the filing of an answer by the appellees and a hearing on the merits.

---

[5] Supra, note 1.

[6] Act of June 20, 1938, Ch. 534, 52 Stat. 797.