**WOLPE et al. v. PORETSKY et al.**

No. 8546.

United States Court of Appeals
District of Columbia.

Argued March 10, 1944.

Decided June 19, 1944.

Writ of Certiorari Denied Nov. 20, 1944.

See 65 S.Ct. 190.

---

[15] Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 58, 63 S.Ct. 1393, 1419, 87 L.Ed. 1731.

Mr. H. Winship Wheatley, of Washington, D. C., for appellants.

Mr. Louis Ottenberg, of Washington, D. C., with whom Mr. Edwin Shelton, of Washington, D. C., was on the brief, for appellee Poretsky.

Mr. William C. Sullivan, of Washington, D. C., for appellees Machen.

Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, and Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, both of Washington, D. C., entered appearances for appellees Kutz, Young, Mason, Lynn and Drury.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellee, Harry Poretsky, brought suit in the court below to enjoin members of the Zoning Commission of the District of Columbia from carrying into effect a zoning order regularly adopted after public hearing as required by law. At the close of a trial on the merits the court found that the action of the Zoning Commission in adopting the zoning order in question was arbitrary, capricious and void. The order of the court below enjoined the Commissioners from enforcing the zoning order and directed them to restore the parcel of land involved in this suit to the zoning classification known as residential 60-foot "A" Area, which permits the erection of apartment houses.

On April 8, after this decree was entered, the Zoning Commission, in executive session and without public hearing or notice to property owners affected, voted not to take an appeal. They also directed a correction of the official zoning plat to record

the zoning classification directed by the court.

On May 6 a large number of adjoining property owners, who stated that they would be seriously injured by the erection of an apartment house on the land rezoned by the Commission under the order of court, filed a motion for leave to intervene for the purpose of moving for a new trial or, in the alternative, for the purpose of taking an appeal.

The court denied the motion for intervention on the following grounds: (1) That the time for filing a motion for a new trial had expired; (2) that intervention could not be allowed after final judgment; and (3) that the intervening petition contained nothing that would cause the court to change its ruling even if the interveners had been parties during the trial.

A special appeal was allowed by this court from the denial of the intervention.

The question presented by the record may be stated as follows: Under what circumstances may adjoining property owners intervene in a suit to enjoin the enforcement of a zoning order which affects the value or use of their property? In considering that question we must first determine what rights are given to adjoining property owners by a zoning order.

Section 5–414 of the District of Columbia Code gives as one of the objectives of the zoning law "encouraging stability of districts and of land values therein." Many other conflicting considerations must be balanced in guiding the judgment of the Zoning Commission but this is the one most important to individual property owners in a residential district threatened with encroachment by other types of building, and it is the consideration on which the intervention in this case is based. The interest of individual property owners in protecting the "stability of districts and of land values therein" is expressly recognized by Section 5–422 of the Code. That section puts neighboring property owners, specially damaged by the violation of a zoning order, on an equal footing with the Corporation Counsel in the enforcement of that order. They are given the direct right to enjoin the unlawful construction of a building.[1] Their right to bring that independent action is the basis of appellants' right to intervene in this case.

Rule 24(a) of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, provides for intervention of right "upon timely application * * * when the representation of the applicant's interest by existing parties is or may be inadequate *and the applicant is or may be bound by a judgment in the action;*" [italics supplied]. It seems clear that a judgment which declares a zoning order to be void would bind adjoining property owners to the extent of taking away their statutory right to an independent action based on the order. Otherwise, adjoining property owners could relitigate the issues in the case any time the plaintiff began construction, on the theory that their right to bring an independent action was not concluded by the decree. The practical result of such an interpretation would be to compel anyone bringing a suit like the present one to join all property owners who may conceivably be damaged. We believe that the Zoning Commission, in the absence of intervention by adjoining property owners sufficiently represents their interest so that a decree setting aside a zoning order may bind them.

It follows from Rule 24(a) that appellants may intervene as of right[2] in this case provided (1) that the representation of their interest by the Zoning Commission is or may be inadequate, and (2) that their application is timely. Both of the above requirements appear in this case. The failure of the Zoning Commission to take an appeal clearly indicates that its representation of the interest of the interveners was inadequate. We do not go so far as to hold that adequate representation requires an appeal in every case. But here an administrative body is charged with arbitrary and capricious action in the face of a strong presumption that they properly performed their duties. Some of the reasons relied on by the court in declaring the zoning order void are more pertinent as arguments to influence the judgment of the Commission in balancing the various considerations laid down by the act than they are to support a ruling that the Commission's order was arbitrary and capricious. It is not the function of the court to substitute its judgment for that of the Com-

---

[1] Such a right was allowed by this court prior to the present Zoning Act. Hazard v. Blessing, 1924, 55 App.D.C. 114, 2 F.2d 916.

[2] Cf. United States v. C. M. Lane Lifeboat Co., D.C.1938, 25 F.Supp. 410.

mission even for reasons which appear most persuasive. A suit to declare a zoning order void is not an appeal on the merits of the issues presented to the Commission at its hearing. We do not pass on the merits of the court's findings or decree because the evidence is not before us. We only indicate that there is enough in the record to show that in refusing to take an appeal the Commission did not adequately represent the interveners' interests.

The application to intervene was timely. Intervention may be allowed after a final decree where it is necessary to preserve some right which cannot otherwise be protected.[3] Here at least one of the rights which cannot be protected without intervention is the right of appeal. The court was, therefore, in error in denying appellants leave to intervene as a matter of right.

In their motion to intervene appellants relied solely on Rule 24(b) of the Federal Rules of Civil Procedure, which relates to permissive intervention. However, had the intervention been permissive we think it would have been an abuse of discretion to deny it under the circumstances of this case. Adjoining property owners in a suit to vacate a zoning order have such a vital interest in the result of that suit that they should be granted permission to intervene as a matter of course unless compelling reasons against such intervention are shown.[4]

When they filed their petition for intervention appellants had all the rights of a party at that stage of the proceedings. This, of course, includes the right of appeal. Since the time for appeal had not expired[5] when appellants sought to intervene they should be made parties with the right to appeal and all other rights a party might exercise at the time their intervention was filed.

Reversed and remanded.

[3] United States Casualty Co. v. Taylor, 4 Cir., 1933, 64 F.2d 521, 527; 2 Moore's Federal Practice, pp. 2384, 2385.

[4] Rosenberg v. Mehl, 1930, 37 Ohio App. 95, 174 N.E. 152; cf. Champ v. Atkins, 1942, 76 U.S.App.D.C. 15, 128 F.2d 601; Credits Commutation Co. v. United States, 1900, 177 U.S. 311, 315, 316, 20 S.Ct. 636, 44 L.Ed. 782; City of New York v. New York Telephone Co., 1923, 261 U.S. 312, 43 S.Ct. 372, 67 L.Ed. 673.

[5] Cf. Leishman v. Associated Wholesale Electric Co., 1943, 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714.