The GEORGETOWN CANAL AND RIVERSIDE COUNCIL, et al., Plaintiffs,

v.

Robert O. CLOUSER et al., Defendants.

Civ. A. No. 1299–63.

United States District Court
District of Columbia.

Oct. 23, 1963.

Samuel Herman, Washington, D. C., for plaintiffs.

Chester H. Gray, Corp. Counsel, John A. Earnest, George H. Clark, and Bruce S. Mencher, Asst. Corp. Counsel, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the court on cross motions for summary judgment. The plaintiffs filed a complaint for a mandatory injunction to require the Board of Zoning Adjustment to vacate its opinion of December 17, 1962, which ruled there is no manufacturing on the premises of the Howat Concrete Company, and therefore, no violation of the District of Columbia Zoning Regulations.

The Georgetown Canal and Riverside Council is a non-incorporated, non-profit group of residents of the southern Georgetown area. On June 18, 1962, the Council filed a complaint with the Zoning Administrator protesting the operation of a concrete plant by the Howat Concrete Company, Inc., at 2901 K Street, N. W., on the basis that said operation violated the D. C. Zoning Regulations. The Zoning Administrator ruled that there was no violation. This ruling was appealed to the Board of Zoning Adjustment. A hearing was conducted and, by a 3 to 2 vote, the Board affirmed the ruling of the Zoning Administrator. The Board did, however, find that the concrete company was violating the regulations in that the sound level exceeded the maximum allowed and ordered remedial action.

Subsequently, a petition for rehearing was denied by the Board, and the plaintiffs, having exhausted their administrative remedies, seek equitable relief in this court.

The premises at 2901 K Street, N. W., is zoned C–M–2. Section 6101.3 of the Zoning Regulations of the District of Columbia provides that property so zoned may be used for

"(a) wholesale or storage establishments, and

"(b) any light manufacturing, processing, fabricating or repair establishment."

The occupant of the premises is the Howat Concrete Company. Their certificate of occupancy, dated March 20, 1958, was issued for the "storage of sand, gravel and cement (no concrete to be mixed on premises)".

The Board found as a fact that sand, gravel, cement and water were stored on the premises, and that these materials are fed into the mixing tanks of trucks on the premises. The Board further found that there is no evidence that the tanks on the trucks rotate before the trucks leave the property. The Board further found that these activities do not constitute manufacturing and there is no violation of the regulations.

The record before this Court indicates that a full hearing was granted and that plaintiffs failed to sustain their burden of proving that the present use of the property in question violates the D. C. Zoning Regulations. The Board ruled that:

"We do not agree with appellant council that concrete is being manufactured on the subject premises. The evidence is clear that it is the intent of the operator to manufacture concrete within the trucks en route to the job on the public streets."

This Court cannot substitute its judgment for that of the Board. In Selden v. Capitol Hill Southeast Citizens Association, 95 U.S.App.D.C. 62, 219 F. 2d 33 at p. 35 (1954), the Court of Ap-

peals reversed the lower court and stated:

"The Board of Zoning Adjustment is created and qualified to decide such questions of opinion. Courts should not substitute their opinion for the Board's."

In addition, this court can reverse only when it determines that the administrative ruling was arbitrary and unreasonable. In Lewis v. District of Columbia, 89 U.S.App.D.C. 72, 190 F.2d 25, 27 (1951), affirming the District Court which had sustained the finding by the Zoning Commission, the court said:

"In reviewing the exercise of that discretion, 'It is not the function of the court to substitute its judgment for that of the Commission even for reasons which appear most persuasive. A suit to declare a zoning order void is not an appeal on the merits of the issues presented to the Commission at its hearing.' Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 143–144, 144 F.2d 505, 507–508. 'The action of zoning authorities, as of other administrative officers, is not to be declared unconstitutional unless the court is convinced that it is "clearly arbitrary and unreasonable, having no substantial relation to the * * * general welfare." [citing cases]. If the question is "fairly debatable," the zoning stands.' Leventhal v. District of Columbia, 69 App.D.C. 229, 230, 100 F.2d 94, 95."

This court is of the opinion that a proper determination has been reached in that the intent of the D. C. Zoning regulations has been carried out. The area involved is zoned C–M–2, heavy commercial and light manufacturing. The concrete facility appears to fit this category, regardless of whether the drums rotate on the premises or only when the trucks depart for their destination.

The Board of Zoning Adjustment has found no violation and we find nothing to indicate that their finding was unreasonable or arbitrary.

In accordance with the foregoing, it is this 22nd day of October, 1963,

Ordered, that plaintiffs' motion for summary judgment be, and the same hereby is, denied; and

Further ordered, that defendants' motion for summary judgment be, and the same hereby is, granted.