**S. Jon GERSTENFELD, Appellant,**

**v.**

**T. Sutton JETT et al., Appellees.**

**No. 19947.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1966.

Decided Feb. 8, 1967.

13. The Board advised us during oral argument that the number now stands at 75.

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Leonard W. Burka, Washington, D. C., was on the brief, for appellant.

Mr. John R. Hess, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel at the time of argument, Hubert B. Pair and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellees. Mr. Charles T. Duncan, Corp. Counsel, also entered an appearance for appellees.

Before BAZELON, Chief Judge, DANAHER, Circuit Judge, and BASTIAN, Senior Circuit Judge.

PER CURIAM.

Petitioner appeals from a summary judgment entered by the District Court on his action to review a decision of the Zoning Commission of the District of Columbia which denied reclassification of certain property in the Logan Circle area. He alleges that the Zoning Commission erred in establishing the original classification by downgrading the property without giving the notice and hearing required by the statute, D.C.Code § 5–415; that it erred in considering evidence outside the hearing record on petitioner's application to amend the classification; that its determination is not supported by substantial evidence; and that it erroneously failed to make findings of fact.

Petitioner claims that the present zoning classification was adopted in violation of D.C.Code § 5–415 because the classification was not proposed in the notice for the 1957 hearing at which the zoning was established. We have held, however, that an adopted classification different from the one proposed in the notice of a zoning hearing would be illegal only if (1) there is evidence that those who attended the hearing were in favor of the classification announced in the notice, and (2) if they had no opportunity at the original hearing to make their views known on the classification finally adopted. *Compare* Castle v. McLaughlin, 106 U.S.App.D.C. 145, 270 F.2d 448 (1959), *with* Aquino v. Tobriner, 112 U.S.App.D.C. 13, 15–16, 298 F.2d 674, 676–677 (1961). Here, as in *Aquino*, there is no evidence that the subject of the change finally adopted was not aired at the hearing; indeed, the subject may well have arisen because the Zoning Commission's reason for adopting the classification was the unlikelihood that the one originally proposed—which would have allowed high-rise construction—was at that time needed in the area. This suggests that there may have been some discussion at the hearing as to the likelihood that the classification originally proposed was needed.

Appellant urges that he has the same rights as his predecessor-in-interest, who owned the property at the time of the

original hearing. Even if *Aquino* does not dispose of the predecessor-in-interest's rights, and even if the appellant stands in exactly the shoes of his predecessor, the facts here suggest a waiver of the procedural irregularity by the original owner. The predecessor had several years in which to attack the procedures by which the original classification was adopted. He failed to do so, thus suggesting his agreement with the Zoning Commission's conclusion that a classification allowing high-rise construction was not then needed. A change in circumstances in the interim implies the right to apply for a new classification and not to attack the original one.

■ Appellant also claims that in the reclassification determination the Zoning Commission illegally considered the recommendation of the National Capital Planning Commission which was outside the hearing record and that its final determination was arbitrary, capricious, and unsupported by substantial evidence. It appears that the recommendation of the Planning Commission was available at the hearing, and that its final recommendation, sent several months later, was a duplication of what was originally available. Further, the Zoning Commission, operating in a quasi-legislative capacity, is not required to limit its decision making to evidence within the hearing record. See American Univ. v. Prentiss, D.C., 113 F.Supp. 389, affirmed, Prentiss v. American Univ., 94 U.S.App. D.C. 204, 214 F.2d 282, cert. denied, 348 U.S. 898, 75 S.Ct. 217, 99 L.Ed. 705 (1954); Garrity v. District of Columbia, 66 App.D.C. 256, 86 F.2d 207 (1936).

■ Our scope of review of a Zoning Commission determination was spelled out in Lewis v. District of Columbia, 89 U.S.App.D.C. 72, 74, 190 F.2d 25, 27 (1951):

Accordingly, Congress has given considerable discretion to the Zoning Commission for the establishment of a comprehensive zoning plan, so that the public welfare may dominate the development of the capital city.

In reviewing the exercise of that discretion, "It is not the function of the court to substitute its judgment for that of the Commission even for reasons which appear most persuasive. A suit to declare a zoning order void is not an appeal on the merits of the issues presented to the Commission at its hearing." Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 143–144, 144 F.2d 505, 507–508. "The action of zoning authorities * * * is not to be declared unconstitutional unless the court is convinced that it is 'clearly arbitrary and unreasonable, having no substantial relation to the * * * general welfare.' If the question is 'fairly debatable', the zoning stands." Leventhal v. District of Columbia, 69 App.D.C. 229, 230, 100 F.2d 94, 95.

It was not unreasonable for the Zoning Commission to adopt the recommendation of the National Capital Planning Commission, and, even if the issue is one of substantial evidence, the Board's action here is supported.

■ Because the Zoning Commission operates in a quasi-legislative capacity, there is no requirement that the Commission make findings of fact. A party aggrieved by a classification of the Zoning Commission may be able to seek a special exception before the Board of Zoning Adjustment, D.C.Code § 5–420 (1961), and this would sufficiently protect his rights to a quasi-judicial hearing of his claim.

Affirmed.