**Harry SHENK et al., Appellees,**

**v.**

**The ZONING COMMISSION OF the DISTRICT OF COLUMBIA et al.,**
**Appellants.**

**No. 23266.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 23, 1970.

Decided March 18, 1971.

---

**296**

Mr. John R. Hess, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellants.

Mr. Sol M. Alpher, Washington, D. C., with whom Mr. Maurice Friedman, Washington, D. C., was on the brief, for appellee, Shenk.

Before LEVENTHAL, ROBB and WILKEY, Circuit Judges.

PER CURIAM:

■ The appellees are the owners of Lots 63 and 64 in Square 5877, located in the Anacostia or southeastern section of the District of Columbia. They applied to the Zoning Commission of the District of Columbia[1] for a change in the zoning classification of their property from R–1–B to R–5–A. After a public hearing before the Commission the application was denied.[2] The appellees thereupon filed in the district court a complaint for a mandatory injunction requiring the Commission to rezone the property as requested. The district court directed the Commission to grant the application. The Commission appeals. We affirm.

The appellees' property consists of two lots fronting on Stanton Road. The lots form a single parcel, their combined area being approximately one acre. Their combined frontage on Stanton Road is approximately 100 feet. At present the property is vacant. It is zoned in a classification known as R–1–B which permits it to be used solely for single-family dwellings. D.C. Zoning Regs. § 3101.1. In their application to the Zoning Commission the appellees sought a rezoning to a classification known as R–5–A which would permit the construction on the property of apartments known as garden-type apartments, two or three stories high, without elevators. D.C. Zoning Regs. § 3105.1.

The Zoning Advisory Council of the District of Columbia, a body created by statute, D.C. Code § 5–417 (1967), recommended that the application be granted. Although the Council "recognized that this will to some extent throw additional demands on community facilities in the area, particularly schools, neighborhood parks, sewers, and etc." [sic], the Council found that the change in zoning was supported by "changes of circumstances" in the area. The Council reminded the Commission that it had "recently changed the zoning of three other blocks in the area to R–5–A, and the block now under consideration represents one of only two blocks in the area that remain zoned for single-family residences."

The application was opposed before the Commission by several citizens and a

---

1. The Zoning Commission consists of the Chairman and Vice Chairman of the District of Columbia Council, the Commissioner of the District of Columbia, the Director of the National Park Service and the Architect of the Capitol. D.C. Code § 5–412 (1967); Reorganization Plan No. 3, § 404 (1967), D.C.Code § 5–412 (Cum.Supp. III, 1970).

2. The Commission was not required to state its reasons or make findings of fact, and did not do so. See Gerstenfeld v. Jett, 126 U.S.App.D.C. 119, 374 F.2d 333 (1967).

civic association upon the ground that there was a need in the area for inexpensive single-family houses; and it was argued further that the construction of apartment houses would overtax schools and police and fire-fighting facilities in the neighborhood.

The only question before the district court was whether the action of the Zoning Commission in denying the application was arbitrary and capricious, having no substantial relation to the general welfare. Lewis v. District of Columbia, 89 U.S.App.D.C. 72, 190 F.2d 25 (1951); Leventhal v. District of Columbia, 69 App.D.C. 229, 100 F.2d 94 (1938); American University v. Prentiss, 113 F.Supp. 389 (D.D.C.1953), aff'd, 94 U.S.App.D.C. 204, 214 F.2d 282, cert. denied, 348 U.S. 898, 75 S.Ct. 217, 99 L.Ed. 705 (1954); Diedrich v. Zoning Commission, 129 U.S.App.D.C. 265, 393 F.2d 666 (1968). Recognizing this limitation upon the scope of its review the district court found on the record before it "that the denial of the application for rezoning was arbitrary and capricious and therefore should be set aside as invalid and unconstitutional."

The record before the district court disclosed, and the court found, that the appellees' property is what might be described as a single-family zoned island in a sea of garden-type apartment zoning.[3] Thus, it appears that in eleven prior cases between 1963 and 1967 the Commission granted applications to rezone other property in the neighborhood to permit the erection of garden-type apartments. In several of these cases, relating to property surrounding the appellees' lots, the Commission overruled objections identical with those advanced in this case. The district court stated that it was "unable to discern any justification for a difference in treatment in the adjoining properties and the Plaintiff's property * * *". In this connection, the court

noted that in response to a question from the bench, counsel for the Zoning Commission disclaimed any reliance upon the need for a "vacant oasis" in the area.

The district court found that the area in which the appellees' property is located is inhabited by persons of low economic level, that many of the dwellings in the area are old and in poor condition, and that more and better housing facilities are needed. The construction of garden-type apartments on vacant lots such as those owned by the appellees would of course supply such additional housing, and thereby contribute to the public welfare. See Wolpe v. Poretsky, 81 U.S.App.D.C. 67, 68, 154 F.2d 330, 331, cert. denied, 329 U.S. 724, 67 S.Ct. 69, 91 L.Ed. 627 (1946). We note further that under existing regulations only one single-family dwelling may be erected on each of the appellees' lots.

With respect to the objection that building garden-type apartments would overtax the public facilities of the area the district court reasoned: "Progress and growth cannot be stopped for the lack of facilities. It is putting the cart before the horse to say that because there are not enough governmental facilities in a particular area we will not commence to grow." We think the district court's reasoning was sound.

After careful consideration of the entire record we approve the findings of the District Court and its conclusion that the action of the Zoning Commission was arbitrary. True, the Zoning Commission, a quasi-legislative body, was not required to make findings of fact, and its actions are entitled to a presumption of validity; but when a complainant makes a factual showing indicating that one of its actions is arbitrary that action cannot be sustained unless the Commission puts forward, or the court is otherwise able to discern, some basis in fact and law to justify the

3. *See* Leventhal v. District of Columbia, 69 App.D.C. 229, 231, 100 F.2d 94, 96 (1928).

action as consistent with reasonableness. Neither the district court nor this court could perceive such a basis. Accordingly the judgment is

Affirmed.