NORCAL/CROSETTI FOODS, INC., PATTERSON FROZEN FOODS, INC., AND RICHARD A. SHAW, INC., EACH CALIFORNIA CORPORATIONS, PLAINTIFFS *v.* U.S. CUSTOMS SERVICE, U.S. DEPARTMENT OF THE TREASURY, HONORABLE NICHOLAS BRADY, SECRETARY OF THE TREASURY, JOHN DURANT, DIRECTOR OF THE COMMERCIAL RULINGS DIVISION, U.S. CUSTOMS SERVICE, AND HARVEY B. FOX, DIRECTOR OF THE OFFICE OF REGULATIONS AND RULINGS OF THE U.S. CUSTOMS SERVICE, DEFENDANTS, AND COVEMEX, S.A. DE C.V., MAR BRAN, S. DE R.L., EXPOHORT, S.A. DE C.V., VEGATALES CONGELADOS, S. DE P.R., AND CONGELADOS DON JOSE, S.A. DE C.V., APPLICANTS FOR INTERVENTION

Court No. 89-09-00495

(Dated May 8, 1991)

*Titchell, Maltzman, Mark, Bass, Ohlemeyer & Mishel (Richard D. Maltzman, Robert Ted Parker),* for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Susan Burnett Mansfield)* for defendants.

*Brownstein, Zeidman, and Schomer (Irwin Altschuler, Donald S. Stein),* for applicants for intervention.

## I. INTRODUCTION

MUSGRAVE, *Judge:* This case was originally decided on the merits on February 27, 1991. Slip Op. 91-12. The Court found that marking country of origin on the rear panel of frozen vegetable packages is not conspicuous, and remanded the case to Customs for issuance of a new Ruling Letter in accordance with that opinion. *Id.*

Covemex, S.A. de C.V., Mar Bran, S. de R.L., Expohort, S.A. de C.V., Vegetales Congelados, S. de P.R., and Congelados Don Jose, S.A. de C.V., (collectively, "Applicants") move for leave to intervene as of right for the sole purpose of appealing the February 27, 1991 order. Applicants concede that they were aware of the filing of the instant action in Septem-

ber, 1989. Although they were aware of the possible adverse effect adjudication would have on their interests, they waited a full year to file their first motion to intervene. *Cf. Howard v. McLucas,* 782 F.2d 956 (11 Cir. 1986) (one factor determining whether to allow intervention is the length of time the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned to intervene); 26 Fed. Pro. L. Ed. 275–76, § 59:378. That motion was denied on October 15, 1990 as untimely and potentially prejudicial to the parties of interest.[1] Applicants chose not to appeal the denial of their motion to intervene but instead accepted the Court's invitation to participate as *amici curiae.* By trying to intervene now Applicants cannot now remedy their earlier failure to appeal the denial of their motion to intervene. The new motion to intervene, after judgment, is untimely.

### DISCUSSION

The motion is improper for several reasons outlined below. First, the motion fails because Applicants would appeal an interlocutory judgment of this Court, and not a final judgment. Second, the application is untimely because intervention would unduly prejudice the parties to the case, and Applicants' alleged harm is too nebulous and tenuous to outweigh this prejudice. Third, Applicants have not convinced the Court that their interests will not be adequately represented by the government. Fourth, Applicants have not alleged any independent basis for jurisdiction before this Court. Applicants' alternative motion for permissive intervention is also denied, for the same reasons.

The judgment which they object to is an interlocutory remand to the Commissioner of Customs for certain actions in accordance with the relevant statute. The Court's order accompanying Slip Op. 91–12 is not a final order. It simply remands the case to the Commissioner of Customs for issuance of a new ruling letter in accordance with that decision. Therefore, the timeliness of the motion to intervene, admittedly solely for the purpose of appealing that order, is questionable. As pointed out in *Cabot Corp. v. United States,* 788 F.2d 1539 (Fed. Cir. 1986), 28 U.S.C. § 1295(a)(5) restricts appeals to "final decisions" of this Court. *Id.,* at 1542. "As a general rule an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" *Cabot,* 788 F.2d at 1542, *quoting, Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). *Cabot* specifically points out that an order remanding a matter to an administrative agency for further proceedings is not final. *Id.,* 788 F.2d at 1542.

Applicants cite *Wolpe v. Poretsky,* 144 F.2d 505 (D.C. Cir. 1944) for the proposition that interested individuals may intervene to appeal a judgment. However, as *Wolpe* points out, intervention is proper "after a *final*

---

[1] Slip Op. 90–106. Under the controlling case law, this was an appealable final order. *See, Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox Co.,* 669 F.2d 703, 706, n.8 (Fed. Cir. 1982) and cases cited therein.

*decree* where it is necessary to preserve some right which cannot otherwise be protected." *Wolpe v. Poretsky,* 144 F.2d at 508 (fn. omitted, emphasis added). Since the Court's order was not a final decree, it is not appealable and intervention is untimely. For the same reason, Applicants' citation to *United Airlines v. McDonald,* 97 S. Ct. 2464, 432 U.S. 385 (1977) is inapposite, as that case discussed intervention for appeal of a final order denying class certification.

Applicants correctly cite *Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox,* 669 F.2d 703 (C.C.P.A. 1982) as the controlling case on intervention. Judge (now Chief Judge) Nies held that Sumitomo was properly denied intervention of right considering the prejudice to existing parties if they were allowed to intervene and considering the 16 month period during which movant decided not to intervene. There, as here, Sumitomo was not allowed to intervene before judgment by the CIT. When Sumitomo moved to intervene after judgment, its motion was again held untimely and this Court held that Sumitomo waived any right it would otherwise have had to intervene by participating in the capacity of *amicus curiae.* The *Sumitomo* case is directly on point, and this Court will follow it.

Applicants recognize that appeal cannot be taken from an interlocutory order, in discussing the *Sumitomo* case: "It is important to note that [Sumitomo] was seeking intervention for the purpose of appealing an interlocutory order. Consequently, the proceedings before the CIT were not final." Applicants' Memorandum in Support of Motion to Intervene (Memorandum), at 12. However, Applicants fail to recognize the interlocutory nature of this Court's ruling in the instant case.

Applicants have not sufficiently shown that their interests will be prejudiced if they are not allowed to intervene. They allege that the government may or may not appeal, and that if the government does appeal, it might appeal only the jurisdictional but not the substantive aspects of the case.[2] "Even should [the government] ultimately decide to appeal the substantive aspects of the Court's decision, * * * Applicants do not believe that their interests will be adequately represented at this stage of the proceeding." Memorandum, at 4. If not allowed to appeal the substantive aspects of the Court's decision, Applicants allege that they "will be required to redesign their current packages, at considerable expense." Memorandum, at 16.

Therefore, the greatest harm they allege is that they may have to redesign their packaging. While this may or may not be true,[3] the Court notes that the United States Department of Agriculture is promulgating regulations which will require the redesign of the packaging, and there is nothing to indicate any harsh result from requiring compliance with the relevant statute, *i.e.,* placing the name of the country of origin on the

---

[2] The Court notes that the government filed a notice of appeal of Slip Op. 91–12 on April 25,1991.

[3] Packages might be allowed to be used until new designs were available, or they could be "stickered", although cf. *National Juice Products Assoc. v. United States,* 10 CIT 48, 628 F. Supp. 978 (1986) (discusses damages arising from relabeling packaging and difficulty relabeling frozen packages).

front panel of the packaging in conspicuous lettering as required by law. In any event, the new guidelines are as yet unknown, and it is speculative to assess damages from an event which has not yet occurred. Although Applicants may have an interest in the litigation, the possible prejudice to that interest does not outweigh the substantial prejudice to plaintiffs if Applicants are allowed to intervene. *See, e.g., Usery v. Brandel,* 87 F.R.D. 670 (1980) (strong prejudice to existing parties by allowing intervention after judgment is entered); *see also* reasons given in Slip Op. 90–106, at 4–6.

Applicants' barely concealed desire to suppress the designation of the country of origin cannot be said to be an adequate basis for establishing an "injury". The allegation by Applicants that the "Court's decision notes the alleged loss of market share by plaintiff to imports, and expects that this decision will somehow render the imported product (primarily from Mexico) less desirable to U.S. consumers * * *" utterly misapprehends the Court's ruling and lays bare Applicants' concern: that if the statute is complied with U.S. consumers might choose U.S. products. The Court is not concerned with market share or with whether consumers would choose not to buy properly labeled foreign frozen vegetables. The Court is concerned only with the interpretation and enforcement of the statute. It is presumptuous of Applicants to impute or imply any other motive. The greatest injury claimed in the motion to intervene is that Applicants "would be compelled to mark their products in compliance with the new guidelines * * *." Memorandum, at 16. Proper enforcement of United States laws and regulations which affects parties exporting to the United States cannot be said to be unduly burdensome and is therefore not an "interest" entitling the parties to intervene.

The Court notes that as an additional basis Applicants' motion must fail because they have not alleged any basis for jurisdiction over them in this Court in either their Memorandum or their proposed answer.

Applicants' motion is denied, as improperly brought against an interlocutory decree.