I concur with the majority's analysis insofar as it pertains to the trial court's denial of MEPA's motion to intervene. However, because I believe that the trial court should have granted Brausch's motion to intervene, I dissent in part.
In order for a party to intervene under Civ.R. 24(A)(2) the intervenor must: 1) claim an interest relating to the property or transaction which is the subject of the action, 2) show that his interest is not adequately represented by the existing parties, and 3) demonstrate that he is so situated that the disposition of the action may impair or impede his ability to protect his interest. I agree with the majority's finding that Brausch satisfies the first requirement under Civ.R.(A)(2). However, I disagree with the majority's conclusion that Brausch has failed to show that his interest is not adequately represented by the parties to the action.
Brausch owns a tract of land adjacent to the tract of land where Browning-Ferris plans to operate a solid waste disposal facility. Brausch has constructed a new home that is less than one thousand feet from the proposed solid waste disposal facility. "Adjoining property owners in a suit to vacate a zoning order have such a vital interest in the result of that suit that they should be granted permission to intervene as a matter of course unless compelling reasons against such intervention are shown." Kuhn v.Hamilton Cty. Bd. of Commrs., 1996 Ohio App. LEXIS 1108, at 15 (Mar. 27, 1996), Hamilton App. No. C-940328, unreported, quotingWolpe v. Portesky (C.A.D.C. 1944), 79 U.S.App. D.C. 141,144 F.2d 505, 508, certiorari denied (1944), 323 U.S. 777, 65 S.Ct. 190.
There are no compelling reasons against Brausch's intervention. Brausch has already participated in this controversy by providing testimony in the administrative hearing before the Board, in which Browning-Ferris' request for a zoning change was denied. Brausch has acted to protect his interests from the very beginning of this dispute. Although the Board certainly intends to defend the constitutionality of the zoning code as applied to the Clarke/Browning-Ferris tract of land, a negative outcome in this case would lead to a significant and immediate decrease in Brausch's property interest. As an adjacent landowner with a home in close proximity to the proposed solid waste disposal facility, Brausch should be given the opportunity to participate in the pending lawsuit.
Furthermore, the disposition of the declaratory judgment action may impair Brausch's ability to protect his interests. If the zoning code is found to be unconstitutional as a result of this action, Browning-Ferris may be able to proceed with their proposed solid waste disposal facility.
It should also be noted that Brausch's motion to intervene was timely filed. At the time that Brausch requested intervention, discovery had not been completed and a trial date had not been set. Brausch acted diligently to protect his interests.
Brausch has shown that he satisfies each of the requirements of a party applying for intervention under Civ.R. 24(A)(2). I believe that the trial court abused its discretion by denying Brausch's motion to intervene. Therefore, I would reverse the trial court's decision and grant Brausch's request to intervene.