## NECTOW v. CITY OF CAMBRIDGE ET AL.

No. 509.   Argued April 19, 1928.—Decided May 14, 1928.

*Messrs. Judson Hannigan* and *John E. Hannigan* for plaintiff in error.

*Mr. Peter J. Nelligan,* with whom *Messrs. J. Edward Nally* and *Joseph P. Lyons* were on the brief, for defendants in error.

The master does not find any unreasonable or arbitrary use of power or abuse of discretion on the part of the City Council in passing the zoning ordinance. *Reinman* v.

*Little Rock,* 237 U. S. 171; *Albion* v. *Toledo,* 99 Oh. St. 416; *Jardine* v. *Pasadena,* 199 Cal. 64.

The ordinance will be sustained in its application to the plaintiff's land if it tends to promote the health, safety, convenience, and general welfare of the inhabitants. *Zahn and Ross* v. *Board of Public Works,* 195 Cal. 497; *Cusack Co.* v. *Chicago,* 242 U. S. 526.

The preservation of the residential district to the west and north of the locus from the intrusion of business and incongruous commercial buildings is sufficient justification for the placing of the plaintiff's land in a residential zone. *Miller* v. *Board of Public Works,* 195 Cal. 477.

The principles justifying the establishment of residential zones, apply with equal force to the preserving of these zones once established. *Welch* v. *Swasey,* 193 Mass. 364; *Wulfsolin* v. *Burden,* 281 N. Y. 288.

The action of the city government in placing the plaintiff's land in a residential district was a reasonable use of its discretion. *Stillman* v. *Lynch,* 56 Utah 540; *Inspector of Buildings* v. *Stoklosa,* 250 Mass. 52; *Dobbins* v. *Los Angeles,* 195 U. S. 223.

It was necessary for the City Council to draw a line of demarcation between the thickly settled district lying to the west, northwest, and north of plaintiff's land, and the mercantile district lying to the south, southeast, and east. *Reinman* v. *Little Rock,* 237 U. S. 171; *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365.

It would appear reasonable that the City Council should draw this line through the plaintiff's land so as to preserve the residential character of Brookline Street north of the Ford factory and the residential character of Henry Street along the frontage of the locus upon said street. The fact that the inclusion of the plaintiff in error's property in R–3 district rather than in a business zone depreciates its value, is not of controlling significance. *Spector* v. *Building Inspector,* 250 Mass. 63.

The plaintiff has suffered no greater disadvantage than may be suffered by any person whose land is on the border line between a business and a residential district. If the ordinance, as applied to the plaintiff's land, is nullified, the owners of residential property opposite, would have no protection from damages caused by the erection of such commercial or manufacturing buildings as plaintiff may see fit to construct. *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365.

There is no finding that the land in question, taken with the adjoining land of the plaintiff, could not be used profitably for residential or other purposes. *Jardine* v. *Pasadena*, 199 Cal. 64.

The question resolves itself into one of reasonableness. The Court should not substitute its opinion for that of the Legislature or City Council. *Cusack Co.* v. *Chicago*, 242 U. S. 526; *Reinman* v. *Little Rock*, 237 U. S. 171; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

A zoning ordinance of the City of Cambridge divides the city into three kinds of districts: residential, business and unrestricted. Each of these districts is sub-classified in respect of the kind of buildings which may be erected. The ordinance is an elaborate one, and of the same general character as that considered by this Court in *Euclid* v. *Ambler Co.*, 272 U. S. 365. In its general scope it is conceded to be constitutional within that decision. The land of plaintiff in error was put in district R–3, in which are permitted only dwellings, hotels, clubs, churches, schools, philanthropic institutions, greenhouses and gardening, with customary incidental accessories. The attack upon the ordinance is that, as specifically applied to plaintiff in error, it deprived him of his property without due process of law in contravention of the Fourteenth Amendment.

The suit was for a mandatory injunction directing the city and its inspector of buildings to pass upon an application of the plaintiff in error for a permit to erect any lawful buildings upon a tract of land without regard to the provisions of the ordinance including such tract within a residential district. The case was referred to a master to make and report findings of fact. After a view of the premises and the surrounding territory, and a hearing, the master made and reported his findings. The case came on to be heard by a justice of the court, who, after confirming the master's report, reported the case for the determination of the full court. Upon consideration, that court sustained the ordinance as applied to plaintiff in error, and dismissed the bill. 260 Mass. 441.

A condensed statement of facts, taken from the master's report, is all that is necessary. When the zoning ordinance was enacted, plaintiff in error was and still is the owner of a tract of land containing 140,000 square feet, of which the locus here in question is a part. The locus contains about 29,000 square feet, with a frontage on Brookline street, lying west, of 304.75 feet, on Henry street, lying north, of 100 feet, on the other land of the plaintiff in error, lying east, of 264 feet, and on land of the Ford Motor Company, lying southerly, of 75 feet. The territory lying east and south is unrestricted. The lands beyond Henry street to the north and beyond Brookline street to the west are within a restricted residential district. The effect of the zoning is to separate from the west end of plaintiff in error's tract a strip 100 feet in width. The Ford Motor Company has a large auto assembling factory south of the locus; and a soap factory and the tracks of the Boston & Albany Railroad lie near. Opposite the locus, on Brookline street, and included in the same district, there are some residences; and opposite the locus, on Henry street, and in the same district, are other residences. The locus is now vacant,

although it was once occupied by a mansion house. Before the passage of the ordinance in question, plaintiff in error had outstanding a contract for the sale of the greater part of his entire tract of land for the sum of $63,000. Because of the zoning restrictions, the purchaser refused to comply with the contract. Under the ordinance, business and industry of all sorts are excluded from the locus, while the remainder of the tract is unrestricted. It further appears that provision has been made for widening Brookline street, the effect of which, if carried out, will be to reduce the depth of the locus to 65 feet. After a statement at length of further facts, the master finds " that no practical use can be made of the land in question for residential purposes, because among other reasons herein related, there would not be adequate return on the amount of any investment for the development of. the property." The last finding of the master is:

" I am satisfied that the districting of the plaintiff's land in a residence district would not promote the healt' safety, convenience and general welfare of the inhabitan; of that part of the defendant City, taking into account the natural development thereof and the character of the district and the resulting benefit to accrue to the whole City and I so find."

It is made pretty clear that because of the industrial and railroad purposes to which the immediately adjoining lands to the south and east have been devoted and for which they are zoned, the locus is of comparatively little value for the limited uses permitted by the ordinance.

We quite agree with the opinion expressed below that a court should not set aside the determination of public officers in such a matter unless it is clear that their action " has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public

safety or the public welfare in its proper sense." *Euclid* v. *Ambler Co., supra,* p. 395.

An inspection of a plat of the city upon which the zoning districts are outlined, taken in connection with the master's findings, shows with reasonable certainty that the inclusion of the locus in question is not indispensable to the general plan. The boundary line of the residential district before reaching the locus runs for some distance along the streets, and to exclude the locus from the residential district requires only that such line shall be continued 100 feet further along Henry street and thence south along Brookline street. There does not appear to be any reason why this should not be done. Nevertheless, if that were all, we should not be warranted in substituting our judgment for that of the zoning authorities primarily charged with the duty and responsibility of determining the question. *Zahn* v. *Bd. of Public Works,* 274 U. S. 325, 328, and cases cited. But that is not all. The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare. *Euclid* v. *Ambler Co., supra,* p. 395. Here, the express finding of the master, already quoted, confirmed by the court below, is that the health, safety, convenience and general welfare of the inhabitants of the part of the city affected will not be promoted by the disposition made by the ordinance of the locus in question. This finding of the master, after a hearing and an inspection of the entire area affected, supported, as we think it is, by other findings of fact, is determinative of the case. That the invasion of the property of plaintiff in error was serious and highly injurious is clearly established; and, since a neces-

sary basis for the support of that invasion is wanting, the action of the zoning authorities comes within the ban of the Fourteenth Amendment and cannot be sustained.

*Judgment reversed.*