**ARSEEKAY SYNDICATE, Inc., v. BUR-WELL, Superintendent of Buildings, et al.**

No. 5417.

District Court, E. D. New York.

Nov. 9, 1931.

Celler & Kraushaar, of Brooklyn, N. Y. (Meyer Kraushaar and Jesse Climenko, both of Brooklyn, N. Y., of counsel), for complainant.

Arthur J. W. Hilly, Corp. Counsel, of New York City (J. Joseph Lilly, of New York City, of counsel), for defendants.

BYERS, District Judge.

This is a motion for the appointment of a master to examine the premises described in the bill of complaint, and the surrounding neighborhood, and to ascertain the price paid for the premises, and whether they can be devoted to a use conforming to the zoning regulations of the city of New York.

The bill avers, and the answer denies, that the plaintiff is without adequate remedy at law.

It is possible to discern, from the pleadings and affidavits filed on the motion, that the plaintiff, being the owner of certain real estate situated in the borough of Queens, cannot erect thereon a gasoline filling station by reason of the provisions of the said zoning regulations, in the absence of appropriate action by the Board of Standards and Appeals, which has the power to afford to plaintiff the desired privilege; such board is a municipal administrative agency, the determinations of which are reviewable by the Supreme Court of the State of New York.

That application for such relief has been denied and the Supreme Court has refused to review, although the proceedings in that behalf are not revealed in the motion papers. Nor are facts alleged from which the conclusion could be drawn, that the plaintiff has exhausted its remedies at law, as contemplated by section 719-a of the Greater New York Charter (as added by Laws 1916, c. 503, § 6, as amended).

The bearing which these matters have on the pending motion is this: If the state courts have finally passed upon the plaintiff's rights to a variance, so called, and that determination violates rights secured to the plaintiff under the Federal Constitution, a review in the Supreme Court, U. S. A., of that determination would seem to be the appropriate relief for the plaintiff to seek (Jud. Code § 237 [28 USCA § 344]), as was done in Nectow v. Cambridge, 277 U. S. 183, 48 S. Ct. 447, 72 L. Ed. 842.

If the state courts have not finally adjudicated the subject, it becomes apparent that the plaintiff is not without remedy at law.

In order to grant the plaintiff's motion, the court must act under Equity Rule 59 (28 USCA § 723), which provides in effect that the appointment of a master may be made only upon a showing that some exceptional condition requires it. No such condition has been shown as to appeal to the discretionary power so conferred.

Motion denied. Settle order on two days' notice.