**STATE ex KUHLMAN v CINCINNATI (City) et**

Common Pleas Court, Hamilton Co.

No. A-68959.   Decided Aug. 9, 1940.

John C. Thompson, Cincinnati, for plaintiff.

John D. Ellis, city solicitor and John J. Dreyer, asst. city solicitor, Cincinnati, for defendants.

## OPINION

By BELL, J.

This is an action for a writ of mandamus to compel the defendant, Clifford M. Stenger, commissioner of buildings of the city of Cincinnati, Ohio, to issue a permit to make certain additions to a structure owned by the plaintiff and for an injunction against the other defendants preventing them from interfering with the issuance of said permit and from interfering with plaintiff in making the improvements to his property.

The petition sets forth that the plaintiff is the owner of certain real estate described by metes and bounds; and that defendants are public officers charged with the duty of enforcing the ordinances of the city and particularly the ordinances known as the Building Code.

Plaintiff alleges that he acquired an interest in the premises described which have been since July 1, 1930, operated as an hotel known as the "Hotel Marburg;" that on April 1, 1924, the city passed an ordinance known as The Cincinnati Building Zone Ordinance; that plaintiff's property was zoned as a Business "A" district and that in accordance with the ordinance plaintiff was permitted to improve his property as in the application described; that on April 10, 1933, the city passed a re-zoning ordinance and placed the property in Residence "D" district; that the application to improve by making additions was made on March 30, 1939; the application was denied by the commissioner of buildings for the reason that the improvement would violate the provisions of the re-zoning ordinance in several particulars; that decision of the commissioners denying the application was affirmed by the Zoning Board of Appeals.

Plaintiff alleges that the re-zoning ordinance as to his property is unconstitutional and void and by the enforcement thereof he is deprived of his property without due process of law.

The defendants filed a joint answer in which the allegations of the petition are admitted except it is set forth that on April 1, 1933, at the time of the passage of the re-zoning ordinance the premises in question were used as an apartment hotel, not primarily for transient guests, being a use permitted in Residence "D" district by said zoning ordinance; that the re-zoning ordinance of April 1, 1933, is a valid enactment.

The plaintiff by reply denies both these allegations set forth in the answer.

The cause was submitted upon these pleadings and the evidence.

By the evidence substantially these facts are disclosed: ·

On July 6, 1929, one Clara Bode, a widow, the then owner of the premises executed a lease to one Elmer R. Voss under the terms of which the lessee agreed to purchase the property for $29,109 on June 30, 1934; on July 6, 1929, the lessee assigned a one-half interest in the lease to plaintiff; subsequently the lessee transferred the other one-half interest to plaintiff and on June 6, 1938, Clara Bode executed a general warranty deed to plaintiff for which he paid the agreed purchase price.

The property is located on the north side of Ludlow avenue, east of Clifton avenue, and has been occupied at least since 1929 as an hotel; under the original Zoning Ordinance the property was zoned in a Business "A" district; all of the property west of this hotel to Clifton avenue, with the exception of one residence immediately west thereof for the past twenty-five years, at least, has been used for business purposes; there has been no change in the neighborhood during that period; under the

original zoning ordinance the plaintiff had the right to make the improvements which he now seeks to make; the re-zoning ordinance of 1933 leaves all the other business houses west of plaintiff's to Clifton avenue in a Business "A" zone but places the residence adjoining plaintiff's property on the west and plaintiff's property in a residence "D" zone; the only reason for refusal to issue the permit by the commissioner of buildings was the passage of the re-zoning ordinance of 1933, under the terms of which the improvements sought to be made by plaintiff are prohibited.

This is a sufficient statement of the evidence to disclose the nature of the controversy.

The single question to be decided is, "whether or not the re-zoning ordinance of 1933 is as to plaintiff's property unconstitutional and void?"

In determining this question certain well settled principles of law must be kept in mind:

First. That zoning by a municipality is a restriction upon the right of a property owner to use his property as he choses for any lawful purpose;

Second. That zoning by a municipality is clearly constitutional when properly exercised under the police power of the state;

Third. That zoning by a municipality in Ohio is authorized by legislative sanction within constitutional limitations;

Fourth. That zoning ordinances to be constitutional must bear some substantial relationship to the public health, safety, morals or general welfare;

Fifth. That the power to pass a zoning ordinance carries with it, as a necessary incident thereto, the power to pass a re-zoning ordinance;

Sixth. A re-zoning ordinance must stand or fall by the same tests as the original zoning ordinance.

The evidence makes clear that at the time plaintiff obligated himself to purchase this property it was zoned in a business "A" district and he had the right to make the improvements now contemplated.

Where a zoning ordinance is passed and persons buy property in a certain district, they have a right to rely upon the rule of law that the classification male in the general ordinance will not be changed unless the change is required for the public good. Kennedy v Evanston, 348 Ill. 426; Western Theological Seminary v Evanston, 325 Ill. 511; Phipps v City of Chicago, 339 Ill. 315; **Cincinnati v Struble, 30 N. P. (N. S.), 380.**

Plaintiff therefore had a right to rely upon the zoning ordinance of 1924, and where the city later re-zoned plaintiff's property the burden is upon the city to show that the ordinance was changed for the public good.

The original zoning ordinance of the city is constitutional and was upheld by the Supreme Court of this state. **Pritz v Messer, 112 Oh St 272.**

There can be no question but that the re-zoning ordinance is constitutional, but this statement must not be made the basis of the erroneous conclusion that while the ordinance is constitutional it may be unconstitutional and void as applied to a particular situation. This principle of law is so well established as to need no extended citations.

It is clearly recognized in the Pritz case, supra, wherein the Supreme Court says:

"It is easy to imagine ordinances enacted under the assumed authority of the proposed act which would exceed the constitutional limits of the police power and be an indefensible invasion of private rights * * * cases of that sort must be dealt with if and when they arise."

Judge Schwab recognized this principle in the Struble case when he said:

"where it appears that the restriction imposed upon a particular piece of property by a city zoning ordinance bears no substantial relation to the public health, safety, morals or general welfare, such restriction constitutes an invasion of private property rights

such as is prohibited by both the State and Federal Constitutions."

Also see Nectow v Cambridge, 277 U. S. 185.

Much has been said in this case upon the question of whether or not this is or is not an apartment hotel, but that question is wholly unimportant.

That this re-zoning ordinance must stand or fall by the same tests as applied to the zoning ordinance is decided in **Clifton Hills Realty Co. v City, 60 Oh Ap 443, 12 OO 418.**

"A municipal corporation may repeal or amend an existing zoning ordinance, but in doing so it must stay within constitutional limitations which exclude arbitrary and unreasonable action lacking due process of law."

Where the amendment of a zoning ordinance, as applied to a particular situation, bears no substantial relationship to the public health, safety, morals or general welfare it is of no force and effect, and its enforcement would be a deprivation of the particular owner's constitutional rights.

Testing this re-zoning ordinance as applied to this plaintiff's property, under the evidence adduced in this case, the conclusion is irresistible that it has no substantial relation to the public health, safety, morals or general welfare, nor does the ordinance disclose a purpose to prevent any public evil, or to fill any public need, and as to plaintiff is null and void.

Having concluded that the re-zoning ordinance as to the property here in question is null and void, and being of opinion that under the original zoning ordinance plaintiff could have made the improvements applied for, it follows that he is entitled to the relief for which he prays.

A decree may be drawn accordingly.