PRENTISS et al.

v.

AMERICAN UNIVERSITY et al.

WRATHER et al.

v.

AMERICAN UNIVERSITY et al.

Nos. 11942, 11943.

United States Court of Appeals
District of Columbia Circuit.

Argued May 18, 1954.

Decided June 10, 1954.

Petition for Rehearing Denied
July 21, 1954.

Messrs. Harry L. Walker and John
Hampton. Baumgartner, Jr., Assistant
Corporation Counsel, Washington, D. C.,
for the District of Columbia, with whom
Messrs. Vernon E. West, Corporation
Counsel, Leo A. Rover, U. S. Atty., Ches-
ter H. Gray, Principal Asst. Corporation
Counsel, Oliver Gasch, Principal Asst. U.
S. Atty., and Milton D. Korman, Asst.
Corporation Counsel, Washington, D. C.,
were on the brief, for appellants Prentiss
et al.

Mr. James C. Wilkes, Washington, D.
C., with whom Messrs. Norman M. Glas-
gow and George A. Glasgow, Washing-
ton, D. C., were on the brief, for ap-
pellants Wrather et al.

Messrs. E. F. Colladay and D. C. Colla-
day, Washington, D. C., with whom Mr.
James R. Stoner, Washington, D. C., was
on the briefs, for appellee The American
University.   Mr. Calvin G. Dworshak,
Washington, D. C., entered an appear-
ance for appellee American University.

Messrs. Paul B. Cromelin and Thomas
M. Raysor, Washington, D. C., for ap-
pellee Lucy Webb Hayes National Train-
ing School for Deaconesses and Mission-
aries.

Mr. Andrew T. Altmann, Washington,
D. C., with whom Mr. Clyde D. Garrett,
Washington, D. C., was on the briefs, for
appellee Equitable Life Ins. Co.

Before EDGERTON, WILBUR K.
MILLER, and BAZELON, Circuit
Judges.

PER CURIAM.

An order of the Zoning Commission of
the District of Columbia rezoned the
campus of The American University
from residential "A" to residential "A
restricted". The immediate effect of the
order was to prevent the building on the
campus of a hospital to be maintained in
connection with a School of Nursing.

■ "The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare." Nectow v. Cambridge, 277 U.S. 183, 188, 48 S.Ct. 447, 448, 72 L.Ed. 842. In the District Court, Judge Holtzoff found that the restriction which the rezoning order would impose on the University's right to use its land did not meet this requirement. He therefore found the order unconstitutional, and set it aside, as taking the University's property without due process of law. D.C., 113 F.Supp. 389. We think he was clearly right. The judgment of the District Court is

Affirmed.