George T. Vandermeulen, Off. Ref.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act to compel the respondent officials of the Town of Clarence, New York to issue a permit for the maintenance of a trailer camp in a section of the Town of Clarence which has been zoned as residential-agricultural. The house trailer ordinance of the Town of Clarence permits an establishment of trailer parks in a commercial or industrial district, but forbids the establishment and conduct of a trailer park or camp in any part of an agricultural district.
The premises extend from Main St. on the north to the right of way of the N. Y. C. Railroad on the south. The street and railroad right of way are not parallel but converge to the east of the premises so the depth of the premises is not uniform. The average depth is approximately 1,650 feet. The premises lie in three districts. The northerly 300 feet lie within the commercial district; the southerly 300 feet, within the industrial district and the area between (the great bulk of the property) within the agricultural district.
In the agricultural district where trailer parks are forbidden, the following uses are specifically permitted: (a) Those permitted in the residential district (b) Customary agricultural purposes which are defined as the use of land and buildings for the raising of grain, produce, live-stock, fowl, etc. either for profit or pleasure, together with all the necessary operations incident to this purpose.
It is the contention of the petitioner that the provision of the house trailer ordinance of the Town of Clarence prohibiting the establishment, maintenance or operation of a trailer park in the agricultural district in which the premises are situated is unreasonable, arbitrary, capricious and discriminatory. Briefly, that said trailer ordinance is unconstitutional.
This action presents primarily a question of whether or not the said ordinance is constitutional or unconstitutional, and such a question can be raised by the application for a permit and a refusal to issue the same under article 78 of the Civil Practice Act. (See 22 Carmody-Wait, New York Practice, p. 246; Matter of Dillon v. O’Shaughnessy, 222 App. Div. 772; Matter of Isenbarth v. Bartnett, 237 N. Y. 617.)
At this stage of the opinion, it is deemed advisable to discuss the items of the alleged second.separate and distinct defense, which apparently are the reasons advanced by the Town Board for their action:
*276 “ a. That Petitioners acquired their property rights after the enactment of the ordinances of which they complain and hence, are in effect estopped to attack such ordinances.
“ b. That since, prior to the institution of this proceeding, Petitioners applied to the Town Board for a rezoning of the premises so as to permit the operation of a trailer park thereon and a public hearing was held and rezoning denied; they thereby ‘ acknowledged the propriety and correctness of the zoning and these ordinances.’
“ c. That the proposed trailer camp will have an adverse effect upon the residents of the Town, would depreciate property value, and would increase traffic hazards.
“ d. That Petitioners’ application for rezoning was carefully considered and afforded * all legal and other safeguards ’ and hence, the refusal to rezone and any subsequent action of the Board cannot be unreasonable, confiscatory, arbitrary, etc.
“ e. That Petitioners’ request for a permit to operate a trailer park cannot be granted because ‘ Trailer Camp Ordinance ’ does not permit a trailer camp in the Agricultural District.
‘ ‘ f. That Petitioners have mistaken their remedy which should have been to object to the denial of the application for the rezoning of their property or to object to the constitutionality of the ‘ Trailer Camp Ordinance. ’
11 g' rphat -¿o grant Petitioners ’ application would be ‘ spot zoning ’. ’ ’
Items a and b have been answered contrary to respondents’ contention. (See Dowsey v. Village of Kensington, 257 N. Y. 221; Vernon Dark Realty v. City of Mount Vernon, 307 N. Y. 493.)
c. If this was a sincere belief of the Town Board, why are trailer camps allowed in commercial and industrial districts not far from the agricultural district? Furthermore, there is no proof that the establishment of a trailer camp would depreciate property values, nor is there any reason to believe such establishment would increase traffic hazards.
d. This has no merit.
e. This is the question now being decided.
f. This has no merit.
g. I fail to see any question of spot zoning in this case.
It has been held that a regulatory zoning ordinance which might be clearly valid as applied to the great cities might be clearly invalid as applied to rural communities. (Euclid v. Ambler Co., 272 U. S. 365, 387; Dowsey v. Village of Kensington, 257 N. Y. 221, supra.)
*277 Zoning laws or regulations must find their justification in some aspect of the police power asserted for the public welfare or in the public interest or must be justified by the fact that they have some tendency to promote public health, public safety or public welfare or as otherwise expressed, must be of a direct substantial or reasonable relation thereto to the police power. (See 101 C. J. S., Zoning, § 7, pp. 684^686.)
Zoning ordinance laws or ordinances must be reasonable in their scope and operation and apply without unnecessary discrimination. They will not be sustained unless it is shown that there is a reasonable relation between them and the furtherance of any of the general objects which justify them.
I fail to see where it is necessary to prohibit trailer camps in an agricultural district as far as public health and public safety or public welfare are concerned. There is nothing legally to prevent the town from establishing regulations to establish this purpose. In fact, even in residential areas, it has been found necessary to regulate by ordinance or otherwise for the public health and safety of the inhabitants of the towns. As far as public welfare is concerned, where is there any damaging effect upon the welfare of the Town of Clarence by permitting trailer camps in an agricultural district? There is a vast distinction between prohibitory ordinances and regulatory ordinances.
It was stated in Seattle Trust Co. v. Roberge (278 U. S. 116, 121):" The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals or general welfare.’ Nectow v. Cambridge, supra [277 U. S. 183], p. 188. Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. Lawton v. Steele, 152 U. S. 133, 137. Adams v. Tanner, 244 U. S. 590, 594. Meyer v. Nebraska, 262 U. S. 390, 399-400. Burns Baking Co. v. Bryan, 264 U. S. 504, 513. Norfolk Ry. v. Public Service Comm’n, 265 U. S. 70, 74. Pierce v. Society of Sisters, 268 U. S. 510, 534—535. Weaver v. Palmer Bros. Co., 270 U. S. 402, 412, 415. Tyson & Brother v. Banton, 273 U. S. 418, 442.”
I am of the opinion that the Zoning Ordinance of the Town of Clarence prohibiting trailer parks or camps within an agricultural district is unconstitutional, and such ordinance therefore is null and void.
*278 Submit order directing the proper officer of the Town of Clarence to issue a permit or license to the petitioners to establish, maintain and operate the proposed trailer camp on the premises described in the said petition, in the agricultural zone, upon their compliance with the house trailer and trailer camps ordinance as such regulations existed on September 24,1958.