James P. DONOVAN et ux., Plaintiffs,

v.

Frederick J. CLARKE et al., Defendants.

Civ. A. No. 674–62.

United States District Court
District of Columbia.

Dec. 13, 1963.

James P. Donovan, Washington, D. C., for plaintiffs.

Chester H. Gray, Corp. Counsel, John A. Earnest, and George H. Clark, Assts. Corp. Counsel, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on defendants' motion to vacate the Order of October 16, 1963, and enter an order granting judgment to either plaintiffs or defendants, or to certify that Order to the United States Court of Appeals for the District of Columbia Circuit for review under 28 U.S.C.A. § 1292(b).

The Order of October 16, 1963, remanded the case to the Zoning Commission of the District of Columbia for findings of fact to support the Commission's denial of plaintiffs' petition for the commercial zoning of property located at the northwest corner of Bowen Road and 46th Street, S.E., and adjoining lots at 4510 Bowen Road, S.E.

This Court so ordered due to the fact that no reasons were stated by the Commission for its denial of the rezoning petition. A further confusing factor was the initial report by the Zoning Advisory Council prior to the 1958 hearing which offered no objection to the proposed rezoning. However, the Zoning Commission did not accept the recommendation of the Council and summarily rejected the plaintiffs' petition.

Subsequent thereto, the case came on for hearing and in 1961 Judge Alexander Holtzoff of the United States District Court for the District of Columbia remanded the case for a hearing *de novo* in that a person not a member of the Zoning Commission had sat on the panel when the petition was considered in 1958.

Prior to the new hearing, the Zoning Advisory Council submitted an amended report, which set forth the earlier recommendation, but then changed the recommendation and stated that the best use of all improved properties under consideration "is continued use for single family occupancy." However, in an apparent inconsistency, the new report further stated that the unimproved adjoining property, also under consideration and owned by plaintiffs, was suitable for either a small office building or low density apartment, and offered no objection to an R-5-A classification for the unimproved property.

The Zoning Commission again summarily denied the petition without stating any reasons and a complaint for a mandatory injunction was filed. This Court was then faced with the improbable task of ascertaining whether the action by the Zoning Commission was justified or was arbitrary.

This Court was of the opinion that with the record in this confused state, a statement of the rationale for the denial of plaintiffs' petition would clarify the situation and assist the court in arriving at a determination, relying in part on Robey v. Schwab, 113 U.S.App.D.C. 241, 307 F.2d 198, 202 (1962).

It is conceded that there is no precedent in this jurisdiction for ordering the Zoning Commission to make findings of fact. In the motion now before the Court, counsel for defendants assert that " * * * defendants say that their act constituted the act of a legislative body and, therefore, they are not required to make findings of fact in support of their decision."

Based on this assertion, this Court will grant the motion of defendants and vacate the Order of October 16, 1963, and will further rule that the denial of plaintiffs' petition was arbitrary and capricious, and order the property rezoned commercial.

In the instant case, the preponderance of the evidence favored rezoning. The proponents fairly established that the property is not suitable for a residential classification and there was no showing that a commercial classification would be unsuitable. A recent case in point was decided by the Maryland Court of Appeals in The Mayor and Council of Rockville v. Cotier et al., 230 Md. 335, 187 A.2d 94 (1963). At page 97 of 187 A.2d, the court stated:

> "Here we think that the action of the City which purported to be and, we think, was rezoning (sic) was arbitrary, discriminatory and unreasonable. It flew in the face of facts developed at the hearing and, without any showing of adequate cause therefor, it deprived the appellees of the use of part of their property for which it was best suited."

The primary issue before this Court is stated in Leventhal v. District of Columbia, 69 App.D.C. 229, 100 F.2d 94, 95 (1938):

> "Accordingly the question on this appeal is whether the facts alleged in the plaintiffs' bill, if taken as true, show beyond debate that the present residential zoning of plaintiffs' property is arbitrary and unreasonable."

See also, Lewis et al. v. District of Columbia et al., 89 U.S.App.D.C. 72, 190 F.2d 25 (1951).

The facts as adduced at the two hearings clearly support the assertion that the residential classification of plaintiffs' property is unreasonable.

It is a serious matter for this Court to rule that the Zoning Commission acted in an arbitrary and capricious manner. But when the Zoning Advisory Council submits its mandatory report supporting the rezoning and the Commission ignores the recommendation and, in one line, denies the petition without stating reasons, and subsequently, at a second hearing with a preponderance of the evidence in support of rezoning, the Commission again denies the petition without stating reasons, and presently refuses to submit reasons, even when so ordered, it is clear to this Court that the Zoning Commission has acted arbitrarily. Under these circumstances, the equity jurisdiction of this Court is clear. Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Nectow v. City of Cambridge et al., 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1928); Prentiss et al. v. American University et al., 94 U.S. App.D.C. 204, 214 F.2d 282 (1954).

Accordingly, the Court finds that the action of the Zoning Commission of the District of Columbia was arbitrary and capricious; and the Court finds that plaintiffs are entitled to the relief sought in the first prayer of their petition for a mandatory injunction.

It is, therefore, this 13th day of December, 1963,

Ordered, that the defendants' motion to vacate the Order of this Court of October 16, 1963, be, and the same hereby is, granted; and

Ordered, that the said Order of October 16, 1963, be, and the same hereby is, vacated and held for naught.

It is further ordered, that the plaintiffs' petition for a mandatory injunction be, and the same hereby is granted; and

Further ordered, that the Zoning Commission of the District of Columbia shall rezone Lots 116, 161 and 823, in Square 5365, from R–2 to C–1.