Ronald P. NELSON and Marilyn A. Nelson, husband and wife, Edwin Johnson and Carolyn Johnson, husband and wife, Clete Brooks and Shirley Brooks, husband and wife, William Beindorff and Barbara Beindorff, husband and wife, Leonard Cyzyk and Bobby Cyzyk, husband and wife, Robert Sawyer and Helen Sawyer, husband and wife, Diana DeLong, Appellants (Petitioners Below),

v.

VALPARAISO BOARD OF ZONING APPEALS, Marie Kerr, Chairperson, Warren Crowder, Thomas Walters, Charles Brown, Richard Laube, Dorothy Hersher, Recording Secretary, John Howell, Executive Secretary, Robert Truitt, Legal Advisor, Helen J. Poynter, Norman Poynter, Appellees (Respondents Below).

No. 3-778A187.

Court of Appeals of Indiana, Third District.

June 28, 1979.

Rehearing Denied Aug. 8, 1979.

Mark D. Blackwell, Valparaiso, for appellants (petitioners below).

STATON, Judge.

On February 8, 1977, Helen J. Poynter petitioned the Valparaiso Board of Zoning Appeals for permission to establish a one chair beauty shop in her home, which is located in an area zoned for residential purposes. Following public hearings on the petition, the Board of Zoning Appeals granted Poynter's request. Residents of Poynter's neighborhood (hereinafter "neighborhood residents") then petitioned the Porter County Circuit Court for a Writ of Certiorari, seeking review of the Board's determination. The court ordered the writ issued, heard evidence, and affirmed the Board's decision. In their appeal to this

Court, neighborhood residents raise the following issues for our review:

(1) Whether the court erred when it held that the Board of Zoning Appeals had given adequate notice of the second public hearing held on Poynter's petition?

(2) Whether the court erred when it concluded that a beauty shop is a "home occupation" within the meaning of the Valparaiso zoning ordinances?

(3) Whether the court erred when it held that "hardship" is not a requirement under Valparaiso zoning ordinances for establishing a home occupation?

We affirm.

### I.

### Notice

Upon receipt of Poynter's petition to establish a one chair beauty shop at her residence, the Board of Zoning Appeals placed her request on the agenda of its meeting scheduled for September 20, 1977. Notice by publication of the subject matter of Poynter's petition and its impending consideration by the Board was twice provided to Valparaiso citizens. In addition, notices of the agenda of the public hearing were posted in City Hall prior to the meeting. On September 20, neighborhood residents appeared at the hearing to personally remonstrate against Poynter's request; several spoke against Poynter's proposal, and a petition of neighborhood residents opposing Poynter's request was submitted to. the Board.

Due to the inexplicable absence of Helen Poynter at the hearing, the Board tabled final disposition of her petition until the next scheduled meeting—October 18, 1977. Remonstrators were apparently informed[1] that since the purpose of postponing final disposition was to provide Poynter with an opportunity to speak in behalf of her petition, it would not be necessary for them to reappear at the October meeting.

No public notice of the continued consideration of Poynter's petition was provided prior to the October 18 meeting of the Board. At that meeting, which was open to the public, Poynter, as well as opponents of the petition, addressed the substantive merits of her request. At the conclusion of this testimony, the Board granted Poynter's petition to establish a one chair beauty shop at her home.

Neighborhood residents contend that the failure of the Board to notify the public of the October 18 hearing on Poynter's petition invalidates the action taken by the Board at that meeting. They generally rely on IC 1971, 18–7–5–84, Ind.Ann.Stat. § 53–780 (Burns Code Ed.) and Valparaiso Zoning Ordinances[2] for authority that notice must be provided to the public of proposed hearings on petitions submitted to the Board. More specifically, neighborhood residents argue that the October meeting was a "new and separate" public hearing, rather than a continuation of the September meeting.

This latter contention is based on the language of Section 11 of the Valparaiso Board of Zoning Appeals Rules of Procedure. Pertinent portions of Section 11 read:

1. Edwin Johnson, who was present at the September 20 meeting, testified that Board of Zoning Appeals Chairperson Marie Kerr told the remonstrators that "there would be no need" for them to reappear at the October meeting.

2. Relevant portions of the ordinances relied upon by neighborhood residents read:

"*Section 7,* Required Notice for Hearings. a. Subject to the provisions of Chapter 174, Acts of 1947, as amended, public hearings shall be held on appeals from any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sec-

tions 56 through 65 of said Act, and upon petitions for special exceptions to and variances from the terms of the Zoning Ordinance of the City of Valparaiso, being Ordinance Number 17, 1969."

Valparaiso Board of Zoning Appeals Rules of Procedure, § 7.

"*Section 19.10,* PUBLIC NOTICE.—The Board of Zoning Appeals in conducting any public hearing shall fix a reasonable time for the hearing of the appeal. Public notice shall be given of the hearing and due notice shall be given additionally to all interested parties."

Valparaiso Zoning Ordinance, § 19.10.

"*Section 11,* Final Disposition of Petitions
e. *Continuance.*—The Board, at its discretion, may continue or postpone the hearings on any petition on an affirmative vote of a majority of the members present.

(1) No renotification of interested property owners shall be required if a case is continued at a hearing for which proper notice was given by petitioner in compliance with the notice requirements of Section 7."

Neighborhood residents assert that inasmuch as the record of the October 18 hearing reveals that the hearing was "reopened", then the September hearing was necessarily "closed" rather than "continued" to the October meeting. Accordingly, neighborhood residents argue that renotification was necessary prior to the October meeting.

 The record of the September hearing, however, plainly contradicts the contention of neighborhood residents that the September hearing was not "continued":

"Mr. Walter moved that the matter be continued until the petitioner can be present in person. Seconded by Mr. Brown."

\* \* \* \* \* \*

"The question was called and carried 4–1 (Mr. Crowder dissenting) on roll call vote."

Inasmuch as the September meeting was in fact "continued", the Board was not required to give notice of the October portion of the hearing on Poynter's petition. Valparaiso Board of Zoning Appeals Procedure, Section 11. Furthermore, it can not be contended that the purpose of the notice requirement was not satisfied. Interested citizens were provided with an opportunity to remonstrate against Poynter's petition at the September meeting. The trial court did not err when it concluded that adequate notice had been provided.

## II.

### Home Occupation

Neighborhood residents contend that the trial court erred when it concluded that Poynter's petition was a request to establish a "home occupation" rather than a request for a variance. They assert that the operation of a one chair beauty shop does not fall within the definition of a "home occupation", as that term is defined in Valparaiso Zoning Ordinance § 2.01:

"Home Occupation. Any occupation or professional activity *customarily conducted entirely within the dwelling* and carried on exclusively by the inhabitants thereof, *which use is clearly incidental* and secondary *to the use of the dwelling for dwelling purposes,* and does not change the character thereof. Provided, further, that no article or service is sold or offered for sale on the premises, except as such is produced by such occupation." (Emphasis added.)

Neighborhood residents specifically argue that the operation of a beauty shop is not a "home occupation" because the activity is neither "incidental . . . to the use of the dwelling for dwelling purposes" nor "customarily conducted within the dwelling." [3]

 The question whether the practice of a particular occupation is, *per se,* not permitted in the home is a matter reserved to local legislative authorities. *Jantausch v. Verona* (1957), 24 N.J. 326, 131 A.2d 881, 885. The application of a zoning ordinance will not be set aside unless it has no foundation in reason and is merely an arbitrary

**3.** This contention is also based on IC 1971, 25–8–1–21(4) (Burns Code Ed.), which provides that any room used as a beauty shop cannot be used for residential purposes. The statute is of no consequence here. It is designed merely to insure the cleanliness of that area of the home which is held open to the public.

We also note that neighborhood residents have predicated their arguments regarding issues 2 and 3 in part on local ordinances which they have failed to reproduce in their brief. Ind. Rules of Procedure, Appellate Rule 8.2(B)(4) requires the reproduction of an "statutes, rules, regulations, etc." which are necessary to the disposition of an appeal. Those specific contentions based on ordinances which have not been reproduced are waived.

exercise of power which has no substantial relation to the health, safety, and welfare of the public. *Nectow v. City of Cambridge* (1928), 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842.

The Valparaiso City Council recognized the public interest at stake in the establishment of home occupations when, in 1974, it enacted Valparaiso Zoning Ordinance § 19.06(D)(a), which reads:

"a. Home Occupation as defined in Article II of this Ordinance shall be permitted by the Board of Zoning Appeals if, but only if, the proposed use will constitute a desirable and stable development which will be in harmony with the development in adjacent areas and will not cause congestion on public streets nor be contrary to the spirit and purpose of this Ordinance."

Both the Board of Zoning Appeals and the trial court was presented with evidence regarding the impact the proposed one chair beauty shop would have on the residential character of Poynter's neighborhood, including the resultant increase in traffic. We are compelled to defer to the judgment of the Board, with its superior knowledge of conditions peculiar to the locality, that the establishment of the beauty shop does not violate ordinance § 19.06(D)(a) or § 2.01.[4]

### III.

### Hardship

Neighborhood residents contend that even if Poynter's petition was correctly considered as a request to establish a home occupation, her petition should have been denied on the basis that Poynter failed to show "hardship." They maintain that Valparaiso Zoning Ordinance § 19.06(D)(b), enacted in 1974, imposed the substantive requirements necessary to obtain a variance—including the required showing of "hardship"—on petitions to establish home occupations.

We disagree. Valparaiso Zoning Ordinance § 19.06(D)(b) reads:

"b. An application for home occupation shall be filed and processed in the manner prescribed for applications for variances and shall be in such form and accompanied by such information as shall be established from time to time by the Board of Zoning Appeals."

The words "filed and processed" clearly indicate that petitions for home occupations must be handled by the same procedure that is employed for the disposition of applications for variances. There is no indication in the ordinance that the City Council intended to subject petitions for home occupations to the substantive requirements necessary to obtain a variance.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

---

**4.** We leave to Valparaiso legislative and zoning authorities the question of whether beauty culture, as opposed to home cooking or dressmaking, falls within the ambit of a "home occupation." *Jantausch v. Verona, supra.* We note that the record reveals that at the time Poynter petitioned the Board, a neighbor was operating a beauty shop in her home.