Appellants, Ino Hakim, who is doing business as Ino's Fashions, and Andre Hakim, (hereinafter collectively referred to as "Hakim") appeal the judgment of the Summit County Court of Common Pleas affirming the decision of the City of Fairlawn Planning Commission ("the Commission"), appellee. We affirm.
 I.
Hakim operates a building located at 3067 West Market Street in the City of Fairlawn, Ohio. Part of the building is occupied by Ino's Fashions; the balance of the building is leased to various tenants or is unoccupied. On October 16, 1995, prior to the structure at issue having been built, the City of Fairlawn, appellee, by vote of the City Council and the Mayor's approval, rezoned the property at Hakim's request from B-1, general office space, to B-2, retail business district. The rezoning was made expressly subject "to all conditions that are imposed by the Fairlawn Planning Commission on the subject site." At the December 14, 1995 Commission meeting, the Commission specified a number of conditions, including requiring Hakim to "restrict basement area only to storage and office for retail tenants use only [sic]." Under the B-2 designation, one must have a certain number of parking places in proportion to the square footage utilized in the interior of the building. Hakim, however, found the B-2 designation to be restrictive of his planned use as he had an insufficient number of parking places to fully utilize the building pursuant to its B-2 designation. Hence, Hakim once again requested that the property be rezoned. The Commission recommended that a new zoning classification under the B-2 designation be created for Hakim, and on February 19, 1996, the City Council enacted such an ordinance. The ordinance gave Hakim's building its own classification under the B-2 zoning ordinance which allowed Hakim to lease the majority of the building with only 53 parking spaces being dedicated to the building, substantially less than those that were required under a general B-2 zoning designation.
After several years of operation, Hakim again found the zoning to be restrictive and requested to be allowed by the Commission to open a 1500 square foot portion of the building under the original B-2 designation. He offered to provide the number of parking spaces required under the original B-2 designation for that 1500 square foot area of the building while keeping the remaining portion of the building under the ordinance which allowed a lower number of parking places and was tailored to his earlier request. On February 11, 1999, the Commission denied his request.
On March 3, 1999, Hakim filed an administrative appeal pursuant to R.C. Chapter 2506 from the decision of the Commission in the Summit County Court of Common Pleas. Hakim argued that the Commission's actions were unconstitutional, arbitrary, unreasonable, capricious, and not supported by a preponderance of substantial, reliable evidence. In an order journalized on July 30, 1999, the trial court found that the Commission's decision was proper and within its discretion and accordingly overruled Hakim's assignments of error. This appeal followed.
 II.
Hakim asserts three assignments of error. We will address each in due course, consolidating our discussion of his second and third assignments of error to facilitate review.
A. Second Assignment of Error
 THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT THE DECISION OF THE PLANNING COMMISSION TO DENY THE LEASE OF THE BUILDING SPACE UNDER THE ZONING ORDINANCES WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE.
Third Assignment of Error
 THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT THE COMMISSION'S REFUSAL TO ALLOW THE LEASE OF THE BUILDING SPACE UNDER THE ZONING ORDINANCES WAS NOT SUPPORTED BY THE PREPONDERANCE OF THE SUBSTANTIAL, RELIABLE EVIDENCE ON THE RECORD.
 Hakim avers that the Commission misapplied the applicable zoning provision and that the trial court erred as a matter of law in affirming its decision. Specifically, Hakim asserts that the original parking requirements under zoning designation B-2 apply to the basement of his structure rather than the amendment concerning parking requirements for his building. Furthermore, Hakim asserts that the Commission's decision was not based upon substantial, reliable evidence, and that hence, the trial court erred in affirming it. We disagree.
In an appeal of an administrative decision pursuant to R.C. 2506 et seq., the scope of review by the court of common pleas is delineated by R.C. 2506.04. Smith v. Granville Twp. Bd. ofTrustees (1998), 81 Ohio St.3d 608, 612.
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
 R.C. 2506.04. "The court of common pleas' decision may then be appealed to an appellate court `on questions of law as provided in the Rules of Appellate Procedure.'" (Emphasis omitted.) Smith, 81 Ohio St.3d at 613, quoting R.C. 2506.04. Moreover,
 "[a]n appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."
 Smith, 81 Ohio St.3d at 613, quoting Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. The court of appeals is limited to determining whether the court of common pleas abused its discretion while weighing the evidence. Town Suburb Dev. Co. v. Twinsburg (Feb. 6, 1991), Summit App. No. 14733, unreported, at 3. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
Hakim first claims that the use of the basement or lower level of the building, which he now seeks to utilize, is controlled by the number of parking spaces required under the general provisions of Fairlawn Planning and Zoning Ordinances 1284.03. He asserts that the February 19, 1996 amendment was effective only as to the upper and mezzanine floors of the building and not as to the lower level. However, pursuant to Fairlawn Codified Ordinances 202.03(a) "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." The amended provision of Fairlawn Planning and Zoning Ordinances 1284.03, by its terms, apples to "Ino's Fashions Complex." Hence, we conclude that the trial court did not err in concluding the amendment applies to the entire complex and that the City of Fairlawn did not endeavor to zone by floor.
Hakim next avers that the trial court abused its discretion while weighing the evidence, asserting that he proffered evidence showing that the parking lot was not fully utilized while the City of Fairlawn provided little to rebut his evidence. The trial court concluded the decision of the Planning Commission was supported by a preponderance of substantive, reliable evidence. After reviewing the record, we cannot say that the trial court abused its discretion in making that determination. The City reduced the number of parking spaces required for Ino's Fashions Complex to 53 from the original requirement of, apparently, one parking space for each 125 square feet. See Fairlawn Planning and Zoning Ordinances 1284.03. Although the evidence adduced showed that the parking lot was not fully utilized, the City also raised legitimate concerns about the addition of shops in the lower level or basement of the Complex due to the increased volume of traffic that they may draw and the resulting potential parking shortage due to the already reduced parking requirements for the building. See C.D.S., Inc. v. Gates Mills (1986), 26 Ohio St.3d 166, 170
(stating that off-street parking requirements are related to a number of legitimate state interests.) Hence, we can find no passion, prejudice, partiality, or the like in the trial court's determination that the Commission's decision was based on a preponderance of substantial and reliable evidence. Hakim's second and third assignments of error are overruled.
B. First Assignment of Error
 THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT THE COMMISSION'S REFUSAL TO ALLOW THE LEASE OF THE BUILDING SPACE UNDER THE ZONING ORDINANCES WAS UNCONSTITUTIONAL.
 Hakim asserts that the zoning ordinance in question is unconstitutional as applied to his land. Furthermore, he asserts that it constitutes a taking of his property. We disagree.
In determining whether a zoning ordinance is unconstitutional we are bound by two unassailable propositions: (1) "Zoning ordinances are presumed constitutional"; and (2) "The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate." Goldberg Cos., Inc. v. Richmond Hts. City Council
(1998), 81 Ohio St.3d 207, 209.
 There is a difference between a constitutional challenge to an ordinance as applied to a parcel of land and a constitutional challenge that also alleges that a taking of the property has occurred. The first seeks only a prohibition against the application of the ordinance to the property, whereas with the second, the landowner seeks compensation for a taking of the affected property. Although both types of cases allege the unconstitutionality of a zoning ordinance, in order for the landowner to prove a taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation. A court may determine that a zoning ordinance is constitutional; however, the ordinance may nevertheless constitute a taking as applied to a particular piece of property, entitling the landowner to compensation.
Id. at 210.
For one to show that a zoning ordinance was unconstitutional, one must prove that the ordinance was "`clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" Id., quoting Euclid v.Ambler Realty Co. (1926), 272 U.S. 365, 395, 71 L.Ed. 303, 314. "`The governmental power to interfere by zoning regulations * * * is not unlimited, and * * * cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare.'" (Alterations original.) Goldberg,81 Ohio St.3d at 210, quoting Nectow v. Cambridge (1928),277 U.S. 183, 188, 72 L.Ed. 842, 844. "However, in cases where the landowner alleges that the ordinance so interferes with the use of the property that it, in effect, constitutes a taking of the property, the landowner may prevail by proving that the ordinance has denied the landowner the economically viable use of his or her land."Goldberg, 81 Ohio St.3d at 210, citing Agins v. Tiburon (1980),447 U.S. 255, 65 L.Ed.2d 106.
Hakim initially avers that the zoning ordinance was unconstitutional as applied to his property as it did not bear a substantial relationship to public health, safety, morals, or general welfare. As the Ohio Supreme Court noted in C.D.S., Inc.,26 Ohio St.3d at 170,
 as noted by this court, in Brown v. Cleveland (1981), 66 Ohio St.2d 93, 96 * * *:
 "* * * [A]ccessory off-street parking requirements * * * are rationally related to several safety hazards which the city may lawfully regulate pursuant to its police powers: protection of pedestrians and drivers, elimination of traffic congestion and reduction of air and noise pollution."
 (Alterations original.) Hence, as the City may mandate off-street parking within its police powers to protect public safety and health, and the party challenging the ordinance's constitutionality must prove that it is unconstitutional beyond fair debate, based on this record we cannot conclude that the trial court erred in concluding that the ordinance is constitutional.
Hakim further asserts that the zoning ordinance accomplished a taking. The area, which he seeks to use for shop space, is currently utilized as office space for his retail tenants. The space may also be utilized for storage pursuant to the conditions that the Commission imposed on December 14, 1995. Hence, we conclude that the trial court did not err in concluding that Hakim was not deprived of the economically viable use of that level of his building by the conditions imposed by the Commission. He can certainly rent the office space to current tenants as well as use the area for storage, which are both economically viable uses when coupled with the shop facilities in the upper floors of the building. Hakim's first assignment of error is overruled.
 III.
Hakim's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, J. and WHITMORE, J. CONCUR.