OPINION
{¶ 1} Plaintiff-appellant Nauman Outdoor Advertising, Inc. appeals from the February 2, 2005, Judgment Entry of the Fairfield County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In January of 2004, appellant Nauman Outdoor Advertising filed two applications for billboard permits with the Bloom Township Zoning and Building Department. The property on which the billboards were to be erected is owned by Indiana and Ohio Central Railroad, Inc. and is leased from the railroad by appellant for outdoor advertising purposes. Each billboard was to be 300 square feet in size and was to be erected in an "R-R", or rural residential, zone.
 {¶ 3} The railroad property at the location where the signs were to be erected is classified as a residential district because of the application of Bloom Township Zoning Resolution Article IV, Paragraph 406(A)(4) which states as follows: "The following rules shall be used to determine the precise location of any zoning district boundary unless such boundary is specifically indicated on the zoning map: . . . Where the boundary of a district follows a railroad line, such boundary shall be deemed to be located in the middle of the main tracks of said railroad line . . ."
 {¶ 4} The Zoning Inspector for Bloom Township denied appellant's applications based upon Bloom Township Zoning Resolution Sections 1017 and 1006(B). Zoning Resolution 1017 provides, in relevant part, as follows: "For purposes of this Article, outdoor advertising off-premises signs shall be classified as a business use and be permitted in all district (sic) zoned for manufacturing or business or lands used for agricultural purposes." In turn, Zoning Resolution Section 1006(B) states as follows: "Any sign advertising a commercial enterprise, including real estate developers or subdividers, in a district zoned residential shall not exceed twelve square feet in area and shall advertise only the names of the owners, trade names, products sold and/or the business or activity conducted on the premises where such sign is located."
 {¶ 5} Appellant appealed the denial of the applications to the Bloom Township Board of Zoning Appeals. A public hearing was held on March 15, 2004. At the hearing, appellant argued, in part, as follows:
 {¶ 6} "Now, it's indicated that the reason that these permits have been denied or revoked is because the property is zoned residentially. The point of the matter is that this property is owned by the railroad —. . . . And the problem is that under your zoning code, the zoning code indicates that zones run to the center line of roads and the center lines of railroads.
 {¶ 7} "Now, it's all well and good with regard to roads or streets because the public uses those, but this piece of property that we have a lease on of a part of it runs not only from — it goes much further north and much further south, but as you can see where it runs through this particular section, based on how you got it zoned, that's what the zoning is on this. One piece of property, multiple zones.
 {¶ 8} "There is case law to the effect that when you can't tell what zone you are in or you are not clear as to how a particular piece of property is zoned throughout, the zoning resolution is invalid." Transcript at 10-11. In short, appellant argued that, as applied to the railroad property, Section 406 of the Bloom Township Zoning Resolution was unconstitutional. At the conclusion of the hearing, the Board of Zoning Appeals upheld the denial of the billboard permit, finding that the subject property "is not zoned for this particular application." Transcript at 48.
 {¶ 9} Thereafter, on April 1, 2004, appellant filed a Notice of Appeal of the decision of the Board of Zoning Appeals with the Fairfield County Court of Common Pleas pursuant to Ohio Revised Code Chapter 2506. Appellant, in his brief before the trial court, argued that Bloom Township Zoning Resolution, Article IV, Paragraph 406(A)(4) was unconstitutional since "[a]s a consequence of this zoning provision, the zoning of the railroad property is determined solely by the zoning of the property it is contiguous to. The application of this provision causes the railroads [sic] property, which is one single parcel, to be arbitrarily placed in a patchwork of zoning districts based solely on the zoning of the land to which a portion of the railroad property abuts."
 {¶ 10} As memorialized in a Judgment Entry filed on February 2, 2005, the trial court affirmed the decision of the Bloom Township Board of Zoning Appeals denying appellant's application to erect two billboards in a district zoned rural-residential, finding that such decision was not unconstitutional, illegal, arbitrary, capricious or unreasonable and was supported by the preponderance of substantial, reliable and probative evidence.
 {¶ 11} Appellant now raises the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT ERRED IN NOT FINDING THAT BLOOM TOWNSHIP ZONING RESOLUTION SECTION 406, AS APPLIED TO THE SUBJECT RAILROAD PROPERTY, IS UNCONSTITUTIONAL."
 Standard of Review {¶ 13} R.C. 2506.04, which sets forth the applicable standard of review for a court of common pleas, provides as follows:
 {¶ 14} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 15} In Henley v. Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)."
 {¶ 16} This Court's standard of review in an R.C. 2506.04
appeal is "more limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848. We must affirm the trial court's judgment, as a matter of law, if it is supported by a preponderance of substantial, reliable and probative evidence. Id.
 {¶ 17} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 18} Appellant, in its sole assignment of error, argues that the trial court erred in holding that Bloom Township Zoning Resolution Article IV, Section 406(A)(4) was not unconstitutional as applied to the subject railroad property. Appellant specifically contends that the zoning of the railroad property based solely on the zoning of the property adjacent to it is unconstitutional "since it is not based of the health, safety and welfare of the general public as related to the subject property." We disagree.
 {¶ 19} A statute or regulation, including an ordinance, may be attacked as unconstitutional on its face or as applied. SeeBelden v. Union Central Life Ins. Co. (1944), 143 Ohio St. 329,55 N.E. 2d 629, paragraph four of the syllabus. Zoning ordinances are presumed constitutional. Goldberg Cos., Inc. v. RichmondHts. City Council, 81 Ohio St.3d 207, 209, 1998-Ohio-207,690 N.E.2d 510. The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate. Id. As noted by the Ohio Supreme Court in Goldberg, supra, "[h]istorically, to prove that a zoning ordinance was unconstitutional, a landowner had to prove that the ordinance was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Id. at 210, citing Euclid v. AmblerRealty Co. (1926), 272 U.S. 365, 395, 47 S.Ct. 114, 121. "The governmental power to interfere by zoning regulations * * * is not unlimited, and * * * cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare." Nectow v. Cambridge (1928), 277 U.S. 183,188, 48 S.Ct. 447, 448, 72 L.Ed. 842, 844." Id at 210.
 {¶ 20} Property owners challenging the validity of a zoning ordinance and its application have the burden of establishing that the ordinance was unconstitutional as applied to their property. Leslie v. Toledo (1981), 66 Ohio St.2d 488,423 N.E.2d 123.
 {¶ 21} "There is a legitimate governmental interest in maintaining the aesthetics of the community and, as such, aesthetic considerations may be taken into account by the legislative body in enacting zoning legislation." (Citation omitted.) Franchise Developers, Inc. v. Cincinnati (1987),30 Ohio St.3d 28, 505 N.E.2d 966, paragraph two of the syllabus. As noted by the Ohio Supreme Court in Gerijo, Inc. v. Fairfield,70 Ohio St.3d 223, 1994-Ohio-432, 638 N.E.2d 033, "a city may properly exercise its zoning authority in an attempt to preserve and protect the character of designated areas in order to promote the overall quality of life within the city's boundaries." Id. at 228.
 {¶ 22} In the case sub judice, the Bloom Township Board of Zoning Appeals received a number of letters from neighboring property owners expressing concern that billboards in the residential areas would be a nuisance and would detract from the character of the rural residential landscape. At the hearing, Nancy McGee, a homeowner in the area who was sworn in, indicated that the billboards would be too close to residential property and would be an "eyesore" and that the "lighting at night is going to intrude on people's homes." Transcript at 30. Other neighboring landowners verbally expressed concerns at the hearing that property values would decline and that the billboards would be a nuisance. At the hearing, Cary Hogan, the director for utilities for Fairfield County, indicated that the Fairfield County commissioners were concerned about the impact of the billboards on the residents and wanted to know if anyone had done a light study.
 {¶ 23} Based on the foregoing, we find that the trial court did not err in holding that Bloom Township Zoning Resolution Article IV, Section 406(A)(4) was not unconstitutional as applied to the subject property. We find that such section was rationally related to a legitimate government interest, which was maintaining the aesthetics and character of the surrounding rural residential property, and that the trial court's decision was supported by a preponderance of substantial, reliable, and probative evidence.
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.