Abraham Breitbart, J.
A provocative issue is presented for determination in this prosecution of the defendant for an alleged violation of the New Rochelle Zoning Ordinance. He is charged with parking, and permitting the parking and storage, of commercial vehicles overnight and during week ends within a period in excess of seven months, on property in a residential Rl-B zoned district occupied by the New Rochelle Academy, an academic private school.
Within the language and intent of the Court of Appeals (Matter of De Mott v. Notey, 3 N Y 2d 116) do these acts of the defendant constitute “ an accessory use customarily incidental to and subordinate to the principal use of the main building? ”
The Zoning Ordinance of the City of New Rochelle, adopted April 18, 1955, employs words of similar import in defining accessory use to be “ A use customarily incidental and subordinate to the main use conducted on the lot, whether such accessory use be conducted in a main or accessory building, excepting that a swimming pool shall not be considered as an accessory use to the main use.” (Art. XI, § 11.1.3.)
An academic private school is delineated as “A school providing instruction in literary, classical, liberal or scientific subjects and excluding schools giving instruction in music or dancing only, or schools providing corrective, rehabilitative or remedial care or instruction.” (Art. XI, § 11.1.1 A.) An academic private school, as defined, is a use allowed by right in an Rl-B District, as are accessory buildings and accessory uses (Schedule of District Regulations, art. V, § 5.1).
Section 5.1.1D of the supplementary regulations applying to all residence districts limits parking spaces, whether open or enclosed, to the parking of private passenger cars. Section 5.1.b. prohibits the use of land for “ any purpose except the uses specifically allowed by right or special permit for each district in Section 5.1, Parts I and II, entitled ‘ Schedule of District Regulations ’.”
*482 The defendant has also been charged with permitting “ the repair of a Commercial bus ” on July 9, 1965, on the premises occupied by the New Rochelle Academy, in alleged violation of article V, Schedule of District Regulations, Part I, of the Zoning-Ordinance.
At the trial the testimony indicated the presence on the property of three large school buses and perhaps a dozen smaller vehicles employed to carry pupils to and from the school. None of the vehicles were rented or leased to others,' nor carried passengers for hire, nor were they used for any purpose other than to transport students, many of whom resided a considerable distance from the school. It further appeared that when not in use the three school buses were stored on the premises throughout the year. The other vehicles were parked there only during- the intersession periods totalling about four-weeks, and when in use were kept by their drivers and garaged elsewhere. None of the vehicles on the premises were parked in enclosed spaces.
The prosecution urges that the parking of vehicles used to transport students is not an accessory use within the contemplation of the Zoning Ordinance, and it divorces this concept from the admitted necessity of allowing the school to carry pupils to and from its premises in furtherance of its normal functions. The People also contend that all of the vehicles in question violate the restriction against the parking of private passenger cars in residential districts.
The right to conduct a school on property in a residential R-1B District is bestowed by the Zoning Ordinance, and coupled with it is the privilege of operating the school in a customary and essential manner. The standard set by the ordinance for invoking an accessory use does not exclude the right to transport students by motor vehicle, nor, as a corollary thereof, the right to park and store these vehicles on the school premises. It is difficult to conceive of conducting an academic school which draws its students from a widespread area without the use of vehicles to transport them. The parking and storing of these motor vehicles overnight and on week ends is part of this process of transportation.
It is true that the ordinance reveals a plan to protect residential areas from commercial use or enterprise, but the legislative intent underlying the statute is not contrary either to the use or to the parking of school- buses and vehicles. They are employed solely for school purposes and they constitute an accessory use clearly within the purview of the ordinance. They are obviously not commercial vehicles, either in the accepted *483 sense , or within the meaning of the Vehicle and Traffic Law. Section 142 refers to a school bus and noAvliere is it indicated to be a commercial vehicle. Section 126 defines an omnibus as one used to transport passengers for hire, and section 104 describes a bus as one carrying more than 10 persons, and a motor vehicle transporting persons for compensation.
The absence of any connotation that the school vehicles are commercial shows a legislative intent that their use does not violate the ordinance. The prosecution admits, and properly so, that private passenger vehicles may be parked in a residential area. It may well be said that, in effect, we are concerned here Avith such passenger vehicles, which are used only for transporting students to and from the school and thus come within the sections of the Zoning Ordinance which permit the parking of vehicles in residence districts.
A decision by this court interpreting a prior Zoning Ordinance gives weight to the concept that the right to park vehicles as an accessory use is consistent with the legislative intent of the present ordinance and is not restricted or barred by it. In the case of City of New Rochelle v. Dillon (89 N. Y. S. 2d 630, 631 [1949]) the court found that the Zoning Ordinance did not expressly restrict the storage in a Residential R-3 district of a Ford truck used by the defendant in his newspaper business, and said: “ It must be borne in mind that unless the law clearly and explicitly prohibits the use of the property for any specified purpose, the owner of property may use his property without limitation or restriction, except as may be found in the Penal Law and similar statutes. A careful scrutiny of the Zoning Ordinance fails to reveal any provision which definitely prohibits the storage of a vehicle of the type involved in this action and used for the purposes that have been mentioned on property zoned Residential R-3, as is zoned the property of the defendant.”
A standard which controls the operation of zoning legislation has been expressed by the Court of Appeals in the case of Matter of Concordia Collegiate Inst. v. Miller (301 N. Y. 189, 196) as follows: “ Zoning ordinances must find their justification in the police power exercised in the interest of the public. (Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 387.) ‘ The governmental poAver to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed, if it does not bear a substantial relation to the public health, safety, morals, or general welfare. ’ (Nectow v. City of Cambridge, 277 U. S. 183, 188.)”
*484 Absent any showing that the acts of the defendant are violative of the Zoning Ordinance and the lawful intendment of same, and in the face of proof that the employment and parking of school buses and vehicles constitutes an accessory use to the operation of the private academic school on the premises, it follows that the People have failed to sustain their burden of showing that the defendant has violated the provisions of the Zoning Ordinance relating to the parking and storage of commercial vehicles in a residential R-1B zoned district. Accordingly the information under Docket No. 353763 is dismissed.
With respect to the charge against the defendant of permitting the repair of a commercial bus on the premises, the court finds that such an act was performed on July 9, 1965. Both of the People’s witnesses testified that they observed an automobile mechanic engaged in making repairs to one of the school buses, and the defendant admitted that he employed a mechanic who worked on the school vehicles.
The repair of motor vehicles permitted to be parked or stored in an R-1B Residence District is violative of the Zoning Ordinance. The supplementary regulations applying to particular residence districts provide, with respect to any parking lot permitted in such a district that ‘ ‘ no service of any kind shall be permitted, including, but not limited to, automobile service, repair, fueling or dead storage.” (Art. V-J [c] [1].) Because of the relevancy of these provisions to the parking of school vehicles as an accessory use, it is apparent that the repair of any such vehicles is prohibited by the ordinance.
The reference in the information to the repair of a “ commercial bus ” does not render the charge against the defendant defective. The obvious intendment of the descriptive words was to refer to one of the vehicles used by the school and upon which repairs were made. The use of the word “ commercial ” in this information is not relevant in the sense in which it was used in the other information with which the defendant was charged, and its insertion here is clearly surplusage.
After trial, the defendant is found guilty of the charge contained in the information under Docket No. 360271. Sentence is suspended, and the defendant is admonished to prevent the performing of any repairs on any of the school vehicles at the school premises.