Bernard Tomson, J.
The defendants are charged with using residential premises (Lots Nos. 174 and 175) as a driveway for school buses in violation of the provisions of article VI, section 1, of the Building Zone Ordinance of the Town of Oyster Bay. On the parcels adjoining Lots Nos. 174 and 175 the defendants’ nursery school is functioning pursuant to a special exception properly granted by the Town Board after a public hearing. It is the defendants’ contention that the operation of the school buses over Lots Nos. 174 and 175 is proper as an accessory use, relying on People v. Firestone (48 Misc 2d 480); City of New Rochelle v. Dillon (89 N. Y. S. 2d 630); De Mott v. Notey (4 Misc 2d 996, revd. 3 N Y 2d 116). See, also, Buffalo Park Lane v. City *19 of Buffalo, 162 Misc. 207; Gauthier v. Village of Larchmont, 30 A D 2d 303; Matter of St. Luke’s Hosp. v. Boyland, 12 N Y 2d 135, 143.)
Arguendo, we may assume that the operation of school buses is a proper accessory use for a nursery school. The difficulty with the defendants’ position is that no special exception has been granted Lots Nos. 174 and 175 for the conduct of a nursery school. No case has been cited which would permit an accessory use on a parcel not zoned for the main or primary use (here an operation of a nursery school). If the defendants’ position were valid, the ordinance could be avoided by extending the nursery school to include any of the adjacent property, without regard to the zoning or permitted uses of such adjoining property provided only that the use were an accessory use. Specifically, it is here held that unless Lots Nos. 174 and 175 are granted a special exception by the Town Board after a public hearing, the accessory use violates the ordinance.
The defendants are found guilty and will appear for sentence on July 8,1969 at 2:00 p.m.